# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 1:14-CV-00220 |
| | § § | **LEAD CASE** |
| v. | § § | **JURY TRIAL DEMANDED** |
| ERIE INDEMNITY COMPANY; ERIE INSURANCE EXCHANGE; ERIE INSURANCE PROPERTY & CASUALTY COMPANY; ERIE INSURANCE COMPANY; FLAGSHIP CITY INSURANCE COMPANY; and ERIE FAMILY LIFE INSURANCE COMPANY | § § § § § § § § § § § | **ELECTRONICALLY FILED** |
| *Defendants.* | § § | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC | § § § | |
| *Plaintiffs,* | § § § | Civil Action No. 2:14-CV-1130 |
| v. | § § § | **JURY TRIAL DEMANDED** |
| OLD REPUBLIC GENERAL INSURANCE GROUP, INC; OLD REPUBLIC INSURANCE COMPANY; OLD REPUBLIC TITLE INSURANCE GROUP, INC; and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY | § § § § § § § § § | |
| *Defendants.* | § § § | |

**RESPONSE BRIEF IN OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC** § <br> **and** § <br> **INTELLECTUAL VENTURES II LLC** § <br> § <br> *Plaintiffs,* § <br> § <br> **v.** § <br> § <br> **HIGHMARK, INC.;** § <br> **HM INSURANCE GROUP, INC.;** § <br> **HM LIFE INSURANCE COMPANY;** § <br> **HIGHMARK CASUALTY** § <br> **INSURANCE COMPANY;** § <br> **HM CASUALTY INSURANCE** § <br> **COMPANY;** § <br> § <br> *Defendants.* § <br> § <br> § | **Civil Action No. 2:14-CV-1131** <br><br> **JURY TRIAL DEMANDED** |

# THE INTELLECTUAL VENTURES PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FRCP 12(b)(6)

## I. INTRODUCTION

The Court should decline Old Republic's request that it take judicial notice of the five exhibits offered in support of Old Republic's 12(b)(6) motion to dismiss. As with its Rule 12(b)(6) motion, Old Republic's request for judicial notice attempts to circumvent the process to admit evidence and resolve contested issues of law and fact—in this instance through an improper judicial notice request. Though required under the Rules, Old Republic does not even attempt to show that there are unique circumstances in this case that warrant the Court's reaching outside of the pleadings to resolve a procedural Rule 12(b)(6) motion. Even if there were, Old Republic fails to identify any specific facts within its exhibits that are appropriate for judicial notice—it simply provides the documents and asks the Court to take judicial notice of what those documents purport to establish. Finally, the documents Old Republic cites generally are not of indisputable accuracy, nor are they central to the allegations of the complaint.

## II. DISCUSSION

Judicial notice in regard to a motion to dismiss is only warranted in exceptional circumstances. "While the rules allow a court to take judicial notice at any stage of the proceedings . . . , it should be done sparingly at the pleadings stage. Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) (internal citation omitted) (finding judicial notice at 12(b)(6) stage of proceedings was improper). In the unique instance where a court *may* judicially notice a fact at the pleadings stage, the fact must "not [be] subject to reasonable dispute" because it is (1) "generally known within the territorial jurisdiction of the trial court;" or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents used to determine

**RESPONSE BRIEF IN OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**

disputed facts are not appropriate for judicial notice. *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.)*, 61 F.3d 197, 205 (3d Cir. 1995).

Old Republic's request for judicial notice fails under these standards. There is no indication that this case is one of the "clearest of cases" warranting judicial notice outside of the pleadings. Indeed, Old Republic does not even attempt to identify a single reason why this case necessitates the taking of judicial notice at the pleadings stage. Likewise, Old Republic ignores the Third Circuit's instruction that judicial notice should be done sparingly—improperly asking this Court to judicially notice five documents and their contents wholesale (over 250 pages of text) without identifying any specific facts within those documents that would be appropriately noticed. *Victaulic*, 499 F.3d at 236; *see also Consejo de Desarrollo Economico de Mexicali v. United States*, 438 F. Supp. 2d 1207, 1223 (D. Nev. 2006) ("[A]bsent Plaintiffs identifying to specific facts within the documents that are appropriate for judicial notice, the Court will not take judicial notice of any facts or information contained within those documents."). Because this case is not a unique one that warrants reaching outside the pleadings, and because Old Republic fails to narrow its requests for judicial notice in any meaningful way, judicial notice is improper.

Even if judicial notice were procedurally appropriate, Old Republic's request fails on the merits. The documents that Old Republic designates fail to meet the requirements of Federal Rule of Evidence 201(b) because all of the documents at issue are either cited by Old Republic in an attempt to improperly determine the truth of disputed facts or are of disputable accuracy.

Exhibits 1 and 2

Old Republic asks the Court to take judicial notice of the Patentability chapter of a thirteen-year-old version of the Manual of Patent Examination Procedure ("Exhibit 1") and a preliminary memo on examination instructions in light of the *Alice* decision ("Exhibit 2"). Old

Republic does so in an attempt to support the disputed fact that *Alice* re-set the test to determine if the abstract-idea exception applies. *Compare* Dkt. No. 31 at 2–4, *with* Response to Motion to Dismiss at 7–10. Not only do these documents fail to support the proposition for which they are cited—both *Alice* and the preliminary memo cite to decades-old Supreme Court eligibility cases[1]—Old Republic makes no attempt to identify why judicial notice of these documents is necessary or appropriate at the motion-to-dismiss stage. Similarly, Old Republic does not identify any specific facts within the documents that are appropriate for judicial notice or why the Court should look at internal agency documents to determine the legal "standard for decision" for deciding Old Republic's Rule 12(b)(6) motion. Because Old Republic fails to identify specific facts for judicial notice within Exhibits 1 and 2, and because Old Republic offers the documents to support a disputed fact, judicial notice is improper.

Exhibits 4 and 5[2]

Old Republic asks the Court to take judicial notice of the Library of Congress Classification homepage and the Library of Congress Classification Outline, Class D – World History and History of Europe, Asia, Africa, Australia, New Zealand, Etc. (respectively, "Exhibit 4" and "Exhibit 5"). Both of these documents are unrelated to Plaintiffs' complaint. Their sole relevance, if any, is to Old Republic's argument in its motion to dismiss that Library of Congress classification system discloses the subject matter claimed by one of the Patents-in-Suit. As noted above, Old Republic makes no effort to identify which specific facts are relevant or appropriate for judicial notice. Old Republic's reference to Exhibits 4 and 5 is simply part of its improper

---

[1] *E.g.*, *Gottschalk v. Benson*, 409 U.S. 63 (1972); *Parker v. Flook*, 437 U.S. 584 (1978); *Diamond v. Diehr*, 450 U.S. 175 (U.S. 1981). *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014); http://www.uspto.gov/patents/announce/interim_alice_guidance.jsp. *See also* Response to Motion to Dismiss at 8.

[2] Old Republic does not request that the Court take judicial notice of Exhibit 3. It only requests that the Court take judicial notice of Exhibits 1, 2, 4, 5, and 6.

attempt to have the Court resolve a factual dispute at the motion-to-dismiss stage—namely, whether one of the Patents-in-Suit covers activity such as a library classification system. *Compare* Dkt. No. 31 at 10–11, *with* Response to Motion to Dismiss at 17–18; *In re Enhanced Sec. Research, LLC*, 739 F.3d 1347, 1351 (Fed. Cir. 2014) ("The differences between the claimed invention and the prior art as well as what a reference actually teaches are questions of fact."). Because Old Republic cites Exhibits 4 and 5 for the determination of disputed facts, they are not appropriate for judicial notice. *See In re Indian Palms Assocs.*, 61 F.3d at 205.

### Exhibit 6

Finally, Old Republic asks the Court to take judicial notice of an article about ATMs appearing in *Bloomberg View* ("Exhibit 6"). As with Exhibits 4 and 5, Old Republic improperly asks the Court to take judicial notice of the document for use in determining disputed facts, namely whether ATMs from the 1960s meet the claim limitations of one of the Patents-in-Suit, which relates to a mobile interface. *Compare* Dkt. No. 31 at 12–14, *with* Response to Motion to Dismiss at 20. Additionally, the accuracy of Exhibit 6 is subject to reasonable dispute. The article is an opinion piece that provides no citations for factual assertions made therein. While articles from the Internet may be appropriate for judicial notice, they must still pass Fed. R. Evid. 201 muster—the facts must not be subject to reasonable dispute. For example, in *O'Toole*, a Tenth Circuit case upon which Old Republic relies, the facts the court noticed came from the website of the company opposing judicial notice, and the company did not dispute the veracity of those facts. *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007). That is not the situation here. In addition to the accuracy concerns noted above, *Bloomberg View* is a financial news website, not a technical source regarding ATMs or the industry. Accordingly, its accuracy on the subject is not beyond dispute. *See* Fed. R. Evid. 201(b); *Easy Sportswear, Inc. v.*

*Am. Econ. Ins. Co.*, 2008 U.S. Dist. LEXIS 51402, at *4 n.2 (W.D. Pa. July 1, 2008) (judicial notice not appropriate where more appropriate sources exist).

### III. CONCLUSION

For the foregoing reasons, Intellectual Ventures respectfully requests that the Court deny Old Republic's request for judicial notice.

                                              Respectfully submitted,

                                              */s/Robert L. Wagner*

                                              **Henry M. Sneath** (Pa. ID No. 40559)
                                              **Robert L. Wagner** (Pa. ID No. 308499)
                                              **Kelly A. Williams** (Pa. ID No. 74782)
                                              **Picadio Sneath Miller & Norton, P.C.**
                                              Four Gateway Center
                                              444 Liberty Avenue
                                              Suite 1105
                                              Pittsburgh, PA 15222
                                              412.288.4000 (telephone)
                                              412.288.2405 (facsimile)
                                              hsneath@psmn.com
                                              rwagner@psmn.com
                                              kwilliams@psmn.com

                                              **Derek Gilliland**
                                              Texas State Bar No. 24007239
                                              **Nix Patterson & Roach, L.L.P.**
                                              205 Linda Drive
                                              Daingerfield, Texas 75638
                                              903.645.7333 (telephone)
                                              903.645.5389 (facsimile)
                                              dgilliland@nixlawfirm.com
                                              Attorney in Charge

                                              **Edward Chin**
                                              Texas State Bar No. 50511688
                                              **Andrew J. Wright**
                                              Texas State Bar No. 24063927
                                              **Kirk Voss**
                                              Texas State Bar No. 24075229
                                              **Christian J. Hurt**
                                              Texas State Bar No. 24059987

**Robert Winn Cutler**
Texas State Bar No. 24084364
**Ross Leonoudakis**
Texas State Bar No. 24087915
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com
christianhurt@nixlawfirm.com
winncutler@nixlawfirm.com
rossl@nixlawfirm.com

*COUNSEL FOR PLAINTIFFS
INTELLECTUAL VENTURES I LLC AND
INTELLECTUAL VENTURES II LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.5 and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 26th day of November, 2014.

*/s/Robert L. Wagner*