IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC | § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:14-CV-00220<br><br>LEAD CASE<br>JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED |
| *Plaintiffs,* | | |
| v. | | |
| ERIE INDEMNITY COMPANY; ERIE INSURANCE EXCHANGE; ERIE INSURANCE PROPERTY & CASUALTY COMPANY; ERIE INSURANCE COMPANY; FLAGSHIP CITY INSURANCE COMPANY; and ERIE FAMILY LIFE INSURANCE COMPANY | | |
| *Defendants.* | | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC | § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:14-CV-1130<br><br>JURY TRIAL DEMANDED |
| *Plaintiffs,* | | |
| v. | | |
| OLD REPUBLIC GENERAL INSURANCE GROUP, INC; OLD REPUBLIC INSURANCE COMPANY; OLD REPUBLIC TITLE INSURANCE GROUP, INC; and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY | | |
| *Defendants.* | | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC <br> and <br> INTELLECTUAL VENTURES II LLC <br><br>     *Plaintiffs,* <br><br> v. <br><br> HIGHMARK, INC.; <br> HM INSURANCE GROUP, INC.; <br> HM LIFE INSURANCE COMPANY; <br> HIGHMARK CASUALTY INSURANCE COMPANY; <br> HM CASUALTY INSURANCE COMPANY; <br><br>     *Defendants.* | § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 2:14-CV-1131 <br><br> JURY TRIAL DEMANDED |

**THE INTELLECTUAL VENTURES PLAINTIFFS'
SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "Intellectual Ventures") submit this supplemental brief to support its response to the motions to dismiss filed by Old Republic, Erie, and Highmark (collectively "Defendants") (Docket No. 52) to address the Federal Circuit's recent precedential decision in *DDR Holdings, LLC v. Hotels.com L.P.*, --- F.3d ---, 2014 U.S. App. LEXIS 22902 (Dec. 5, 2014).

## I.   INTRODUCTION

*DDR Holdings* demonstrates that the claims of U.S. Patent Nos. 6,519,581 ("the '581 Patent"); 6,510,434 ("the '434 Patent"); and 6,546,002 ("the '002 Patent") (collectively, the "Challenged Patents") are directed to patent-eligible subject matter and satisfy 35 U.S.C. § 101. In that case, the Court distinguished between ineligible patent claims directed to abstract concepts implemented on generic computers—mathematical algorithms and fundamental economic and conventional business practices—and eligible patents that are rooted in computer technology.  Under that framework, the Court upheld the eligibility of claims directed to "generating a composite web page that combines certain visual elements of a 'host' website with content of a third-party merchant." *DDR Holdings*, 2014 U.S. App. LEXIS 22902, at *2.

The Challenged Patents undisputedly have deeper roots in computer technology and thus claim patent-eligible subject matter.  The Patents cover specific data-collection network systems, computer database search and retrieval functionality, and mobile computing functionality, and even the Defendants recognize that reality in their motions to dismiss. At a minimum, *DDR Holdings* counsels against resolving Defendants' § 101 challenges at the pleadings stage because it is at least plausible—after construing the claims and developing a full factual record—that Defendants will not show by clear and convincing evidence that every claim of the Patents fails to claim patent-eligible subject matter.

## II. *DDR HOLDINGS* DISTINGUISHES BETWEEN INELIGIBLE ABSTRACT IDEAS IMPLEMENTED ON A GENERIC COMPUTER AND PATENT-ELIBGLE INVENTIONS ROOTED IN COMPUTER TECHNOLOGY

In *DDR Holdings*, the Federal Circuit applied the Supreme Court's *Alice v. CLS Bank* framework to uphold the eligibility of claims directed to "generating a composite web page that combines certain visual elements of a 'host' website with content of a third-party merchant." *DDR Holdings*, 2014 U.S. App. LEXIS 22902, at *2. Regarding the first step of *Alice*—whether the claims are directed to an abstract idea—the Court held that the challenged claims were not directed to an abstract idea: they "d[id] not recite a mathematical algorithm," did not "recite a fundamental economic or longstanding commercial practice," and did not "merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet." *Id.* at *25–26. The claims instead were "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." *Id.* at *26.

The Court also concluded that, even if the claims-at-issue were directed to an abstract idea, the claims satisfied the second step of *Alice*—whether the claims contain additional features that ensure that they do not monopolize the abstract idea. *DDR Holdings*, 2014 U.S. App. LEXIS 22902, at *31–32. The Court reached this conclusion because the claims "recite[d] a specific way to automate the creation of a composite web page . . . that incorporates elements from multiple sources in order to solve a problem faced by websites on the Internet." *Id.* at *31. Thus, even though the claims addressed a "business challenge" and were not as "technologically complex" as some computer processes, they were still patent-eligible. *Id.* at *25, 32.[1]

---

[1] The Court in *DDR Holdings* also noted that it was undisputed that, for the purposes of the § 101 analysis, the method and system claims did not differ in substance. *Id.* at *25 n.4. There has been no such agreement in this case, requiring a claim-by-claim analysis under 35 U.S.C. § 282.

2

### III. THE PATENTS ARE ROOTED IN COMPUTER TECHNOLOGY AND THUS CLAIM PATENT-ELIGIBLE SUBJECT MATTER

The claims in this case have deeper roots in computer technology than the Internet content-generation process at issue in *DDR Holdings*. They cover specific computer network, computer database, and mobile computing technology, and dependent claims further refine the claimed technology. It is undisputed that the claims do not cover mathematical algorithms or fundamental economic or business practices simply performed on a generic computer.

Indeed, even Defendants characterize the Patents as more technically focused than the claims upheld in *DDR Holdings*. They characterize the '581 Patent as "using pieces of software" to implement the "idea of remotely 'collecting information regarding a device or user of a device,' so as to, for example, 'analyze system performance, identify existing problems, or identify potential problems.'" Erie and Highmark Br. at 8 (quoting '581 Patent, 1:13–22). They likewise assert that the '434 Patent covers "the idea of 'locating information stored in a database'" by using an index that contains "tags" written in XML (a computer language), in which the tags "may have a corresponding 'metafile'" and are "combined to form a 'key' that is used to search the database." *Id.* at 13 (quoting '434 Patent, 2:36–3:37, 4:10–11). Lastly, Old Republic contends that the '002 Patent's "central feature" is a mobile interface agent (software) "used to dynamically access user-specific resources" from "any computer" by using "pointers" (a specific computer data structure). Old Republic Br. at 12.

As *DDR Holdings* explains, none of those recitations constitute abstract ideas and the computer-heavy claims of the Patents provide inventive concepts in the field of computer technology. At a minimum, *DDR Holdings* illustrates that it is at least plausible that the Patents will survive the Defendants' eligibility attack. For these reasons, Intellectual Ventures respectfully requests that the Court deny Defendants' motions to dismiss.

3

Respectfully submitted,

*/s/Robert L. Wagner* _____


**Henry M. Sneath** (Pa. ID No. 40559)
**Robert L. Wagner** (Pa. ID No. 308499)
**Kelly A. Williams** (Pa. ID No. 74782)
**Picadio Sneath Miller & Norton, P.C.**
Four Gateway Center
444 Liberty Avenue
Suite 1105
Pittsburgh, PA 15222
412.288.4000 (telephone)
412.288.2405 (facsimile)
hsneath@psmn.com
rwagner@psmn.com
kwilliams@psmn.com

**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**Christian J. Hurt**
Texas State Bar No. 24059987
**Robert Winn Cutler**
Texas State Bar No. 24084364
**Ross Leonoudakis**
Texas State Bar No. 24087915
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)

4

972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com
christianhurt@nixlawfirm.com
winncutler@nixlawfirm.com
rossl@nixlawfirm.com

***COUNSEL FOR PLAINTIFFS
INTELLECTUAL VENTURES I LLC AND
INTELLECTUAL VENTURES II LLC***

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.5 and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 12th day of December, 2014.

                                                   */s/Robert L. Wagner*