# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ERIE FAMILY LIFE INSURANCE COMPANY;<br>ERIE INDEMNITY COMPANY;<br>ERIE INSURANCE COMPANY;<br>ERIE INSURANCE EXCHANGE;<br>ERIE INSURANCE PROPERTY & CASUALTY COMPANY; and<br>FLAGSHIP CITY INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:14-cv-00220-MRH<br><br>FILING IN LEAD CASE<br><br>**Reply Brief<br>Supporting Old Republic's<br>Motion for Judicial Notice (ECF 33)**<br><br>Time: 9:30 a.m.<br>Date: February 5, 2015<br>Place: Courtroom No. 6A<br><br>The Honorable Mark D. Hornak<br><br>ELECTRONICALLY FILED |
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HIGHMARK INC.;<br>HM INSURANCE GROUP, INC.;<br>HM LIFE INSURANCE COMPANY;<br>HIGHMARK CASUALTY INSURANCE COMPANY; and<br>HM CASUALTY INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 2:14-cv-01131-MRH |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>     Plaintiffs,<br><br>  v.<br><br>OLD REPUBLIC GENERAL<br>INSURANCE GROUP, INC.;<br>OLD REPUBLIC INSURANCE COMPANY;<br>OLD REPUBLIC TITLE<br>INSURANCE GROUP, INC.; and<br>OLD REPUBLIC NATIONAL TITLE<br>INSURANCE COMPANY,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:14-cv-01130-MRH |

**Reply Brief Supporting Old Republic's**
**Motion to Take Judicial Notice (ECF 33)**

The opposition to Old Republic's request for judicial notice sought to manufacture a controversy where none exists. Old Republic has asked that the Court take judicial notice of three documents: (1) official PTO records showing that *Alice* changed the PTO's patent-eligibility test; (2) information from the Library of Congress showing the system of classification used in the Library and the age of that system; and (3) a document showing how ATMs work and that they first installed in the 60s and 70s (which is likely a fact that this Court already knows).

As Old Republic's request for judicial notice explained, prior case law has approved taking judicial notice of each type of document, precisely because they are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). And, in fact, the opposition doesn't dispute the existence or substantive content of each of the documents.

Instead, the opposition urged the Court to ignore them. Its arguments for doing so failed. The opposition argued that the Court can't look at this kind of information on a 12(b)(6) motion. The Federal Circuit disagrees. It has looked outside the pleadings to determine patent-eligibility based on information about whether elements added to an abstract idea are inventive, or simply "well-understood, routine, and conventional." *See Ultramercial, LLC v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (observing that the steps of "updating an activity log" and "receiving a request" from a customer were routine and conventional, and also noted the "prevalence of the Internet" made implementing abstract ideas on the Internet insufficient to confer patentability). The opposition argued that the Court can't resolve disputed facts through documents that are judicially noticed. ECF 51 at 3. That addresses a phantom issue: the opposition doesn't contest the existence or content of the documents, so there's no dispute to resolve. (Indeed, the opposition made Old Republic's point about ATMs by submitting patents that discuss ATMs.)

The opposition argued that it can't resolve contested issues of *law* on a 12(b)(6) motion. ECF 51 at 3. Of course it can: that's Rule 12(b)(6)'s principal function.

Finally, the opposition invoked inapposite case law. In *Victaulic Co. v. Tiemen*, 499 F.3d 227, 236-37 (3d Cir. 2007), the court concluded that it wouldn't be appropriate to resolve the reasonableness of a contract clause using information outside the pleadings whose accuracy the opponent disputed. Here, by contrast, Old Republic offered information—including official government documents—that isn't reasonably subject to dispute and which IV doesn't in fact dispute. And in *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.),* 61 F.3d 197, 205-06 (3d Cir. 1995), the appellate court *upheld* a trial court's refusal to strike, and as an alternative ground for affirmance found judicial notice would have been appropriate.

The documents are properly subject to judicial notice, and Old Republic respectfully asks that the Court take it.

Dated: December 19, 2014                                   Respectfully submitted,

                                                              *s/ Vernon M. Winters*
                                                              Vernon M. Winters

| | |
|---|---|
| *Arthur H. Stroyd, Jr.* | *Vernon M. Winters (Pro Hac Vice)* |
| *PA ID No. 15910* | *CA ID No. 130128* |
| *Justin T. Romano* | **Sidley Austin LLP** |
| *PA ID No. 307879* | *555 California Street, Suite 2000* |
| **Del Sole Cavanaugh Stroyd LLC** | *San Francisco, CA 94014* |
| *The Waterfront Building* | *(415) 772-1200* |
| *200 First Avenue, Suite 300* | vwinters@sidley.com |
| *Pittsburgh, PA 15222* | |
| *(412) 261-2393* | *Russell E. Cass (Pro Hac Vice)* |
| astroyd@dscslaw.com | *IL ID No. 9624437* |
| jromano@dscslaw.com | **Sidley Austin LLP** |
| | *One South Dearborn* |
| | *Chicago, IL 60603* |
| | *(312) 853-2202* |
| | rcass@sidley.com |