# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC §<br>and §<br>INTELLECTUAL VENTURES II LLC §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>ERIE INDEMNITY COMPANY; §<br>ERIE INSURANCE EXCHANGE; §<br>ERIE INSURANCE PROPERTY & §<br>CASUALTY COMPANY; §<br>ERIE INSURANCE COMPANY; §<br>FLAGSHIP CITY INSURANCE §<br>COMPANY; and §<br>ERIE FAMILY LIFE INSURANCE §<br>COMPANY §<br>§<br>*Defendants.* § | Civil Action No. 1:14-CV-00220<br><br>**LEAD CASE**<br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC §<br>and §<br>INTELLECTUAL VENTURES II LLC §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>OLD REPUBLIC GENERAL §<br>INSURANCE GROUP, INC; §<br>OLD REPUBLIC INSURANCE §<br>COMPANY; §<br>OLD REPUBLIC TITLE INSURANCE §<br>GROUP, INC; and §<br>OLD REPUBLIC NATIONAL TITLE §<br>INSURANCE COMPANY §<br>§<br>*Defendants.* § | Civil Action No. 2:14-CV-1130<br><br>**JURY TRIAL DEMANDED** |

**SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC** § <br> **and** § <br> **INTELLECTUAL VENTURES II LLC** § <br> § <br> *Plaintiffs,* § <br> § <br> **v.** § <br> § <br> **HIGHMARK, INC.;** § <br> **HM INSURANCE GROUP, INC.;** § <br> **HM LIFE INSURANCE COMPANY;** § <br> **HIGHMARK CASUALTY** § <br> **INSURANCE COMPANY;** § <br> **HM CASUALTY INSURANCE** § <br> **COMPANY;** § <br> § <br> *Defendants.* § <br> § <br> § | **Civil Action No. 2:14-CV-1131** <br><br> **JURY TRIAL DEMANDED** |

# THE INTELLECTUAL VENTURES PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDOM REGARDING NEW FEDERAL CIRCUIT CASE

Intellectual Ventures submits this supplemental brief in response to the supplemental brief filed by Defendants (Docket No. 61) to address the Federal Circuit's recent decision in *Content Extraction and Transmission LLC v. Wells Fargo Bank, N.A.*, --- F.3d ---, 2014 U.S. App. LEXIS 24258 (Dec. 23, 2014).

### I. *CONTENT EXTRACTION* DOES NOT REQUIRE RESOLUTION OF THE DEFENDANTS' ELIGIBILTY DEFENSES AT THE PLEADINGS STAGE

*Content Extraction* does not require this Court to resolve Defendants' patent-eligibility defenses at the pleadings stage. The case merely authorizes a Court to resolve patent-eligibility on the pleadings in appropriate cases—where, even under the facts and positions asserted by the patentee, the only plausible view of the claims, shown by clear-and-convincing evidence, is that they are ineligible for patent protection. *Content Extraction*, 2014 U.S. App. LEXIS 24258, at *6 n.1, *11–13; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Microsoft Corp. v. i4i Ltd. P'Ship*, 131 S. Ct. 2238, 2245–46 (2011). The *Content Extraction* Court simply concluded that the high standard was met—there was no dispute over the basic character of the invention (which was a business method), the claims did not involve complex subject matter (they covered "receiving," "recognizing" and "storing" portions of hard copy documents), and, even under the patentee's view of the patents, the claims were directed to an abstract idea implemented on a conventional computer. *Content Extraction*, 2014 U.S. App. LEXIS 24258, at *2–3, *12–13.

### II. THE RECORD HERE PRECLUDES A DISMISSAL ON THE PLEADINGS

Unlike *Content Extraction*, a dismissal on the pleadings is not appropriate here. It is at least plausible that one claim of the Challenged Patents is not directed to an abstract idea (*Alice* step 1) or contains a sufficient inventive concept (*Alice* step 2). "[T]he determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter."

*Content Extraction*, 2014 U.S. App. LEXIS 24258, at *12.  Here, the Patents are deeply rooted in computer technology—computer networks (the '581 Patent), computer databases (the '434 Patent), and mobile computing (the '002 Patent).  They address specific computer problems: pitfalls of information collection and diagnostic software (the '581 Patent), '581 Patent, col. 1 ll. 18–59; inefficiencies of prior art computer database systems (the '434 Patent), '434 Patent, col. 1 l. 29–col. 2 l. 33; and difficulties associated with remote access to computer resources (the '002 Patent), '002 Patent, col. 1 l. 23–col. 4 l. 57.  They also contain computer-heavy claim limitations, such as "discovery rule," "discovery agent," "code sequences," "XML tags," "metafile," "XML index component," "key to search a database," "query code," "mobile interface," and "pointers."  Docket No. 52, at 19.

Naturally, Defendants dispute Intellectual Ventures' characterization of the Patents.  But to resolve that dispute and fully understand these tech-laden claims, the Court will need to engage in fact finding to, among other issues, understand the background science and the meaning of these claims to those of skill in the art at the time the Patents were filed.  *Teva Pharms USA, Inc. v. Sandoz, Inc.*, 574 U.S. ---, No. 13-854, Slip. Op. at 12–13 (Jan. 20, 2015) (holding that those determinations are questions of fact).  Indeed, Old Republic has even submitted evidence of "conventional" technology—which raises more fact issues—to support its factual allegations regarding the "basic character" of the claims.  Docket No. 52, at 12.

Defendants contend that the Court can short-circuit this fact-finding process because Intellectual Ventures "didn't provide any proposed constructions" for the claims, Docket No. 61, at 1, *i.e.*, specific language for a jury charge.  But, as recounted above, the parties have a clear dispute over the scope of the claims and the basic character of the claimed subject matter.  The Court cannot resolve those factual disputes at the pleadings stage.

### III. DEFENDANTS HAVE NOT SHOWN THAT THEIR CHERRY-PICKED CLAIMS ARE REPRESENTATIVE

Defendants have not shown that their selected claims are representative. In *Content Extraction*, the patentee acceded to the defendants' recitation of representative claims and the Court's own analysis showed that the selected claims were in fact representative. *Content Extraction*, 2014 U.S. App. LEXIS 24258, at *10. That is not the case here—Intellectual Ventures has opposed the Defendants' selection of claims, Docket No. 52, at 14, 17–21, and the Defendants have failed to provide any cogent reason why the claims they have selected are indeed representative. In the absence of a stipulation or a finding that those selected claims are representative, 35 U.S.C. § 282 requires a claim-by-claim analysis.

### IV. THE MACHINE-OR-TRANSFORMATION TEST REMAINS A USEFUL AND IMPORTANT CLUE TO PATENT ELIGBILITY

Under Supreme Court precedent, the machine-or-transformation test is a "useful and important clue" in the patent-eligibility analysis. *Bilski v. Kappos*, 130 S. Ct. 3224, 3227 (2010). Post-*Alice*, the Federal Circuit has continued to apply that test. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014). Intellectual Ventures applied both the *Alice* framework and the machine-or-transformation test from *Bilksi* in its opposition. Docket No. 52, at 14–21. Defendants, despite their strict burden to prevail at the pleading stage, opted to omit the machine-or-transformation test from their motion. And their failure to address the machine-or-transformation test in their motion counsels against granting their motion.

### V. CONCLUSION

For the foregoing reasons, Intellectual Ventures respectfully requests that the Court deny Defendants' motions to dismiss for failure to state a claim.

Respectfully submitted,

*/s/Robert L. Wagner*

**Henry M. Sneath** (Pa. ID No. 40559)
**Robert L. Wagner** (Pa. ID No. 308499)
**Kelly A. Williams** (Pa. ID No. 74782)
**Picadio Sneath Miller & Norton, P.C.**
Four Gateway Center
444 Liberty Avenue
Suite 1105
Pittsburgh, PA 15222
412.288.4000 (telephone)
412.288.2405 (facsimile)
hsneath@psmn.com
rwagner@psmn.com
kwilliams@psmn.com

**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**Christian J. Hurt**
Texas State Bar No. 24059987
**Robert Winn Cutler**
Texas State Bar No. 24084364
**Ross Leonoudakis**
Texas State Bar No. 24087915
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)

edchin@me.com
andrewjwright@me.com
kirkvoss@me.com
christianhurt@nixlawfirm.com
winncutler@nixlawfirm.com
rossl@nixlawfirm.com

***COUNSEL FOR PLAINTIFFS***
***INTELLECTUAL VENTURES I LLC AND***
***INTELLECTUAL VENTURES II LLC***

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.5 and served via the Court's electronic filing system on all counsel who have consented to electronic service on January 21, 2015.


                                            */s/Robert L. Wagner*