# EXHIBIT 10

| | |
|---|---|
| **From:** | Derek Gilliland <dgilliland@nixlawfirm.com> |
| **Sent:** | Thursday, January 29, 2015 3:17 PM |
| **To:** | Lantier, Gregory |
| **Cc:** | Christian A. Hurt; Robert L. Wagner; VERNON M. WINTERS; Russell E. Cass; Ross Leonoudakis; John Ebken; Pearlson, Leslie; Marcus, David; Crudo, Richard; Grewal, Monica; Robert Winn Cutler; Ben King; Kirk Voss; Pam Ridgell; Edward Chin; Michelle Button; Debbi Lowe; Moni King; Henry Sneath; Andrew Wright |
| **Subject:** | Re: Intellectual Ventures v. Erie and Highmark:  Patent Ownership Issue |

Greg,

If I understand your question correctly, I think you are asking for more than you are entitled to because that patent is not before the Court.  I do not have authority to waive IV's right to assert the '983 Patent against any of the defendants in suit.  All I have authority to say is that at this time, IV intends to continue forward with the '581 Patent.  If in the future, IV determines that the '983 Patent is also being infringed, IV retains its right to enforce that patent subject to any defenses that might be raised.

As for an explanation of the '581 Patent ownership question, I have authority to provide the following summary explanation of our position.  I am providing this summary in the interest of speeding resolution of this issue.  This summary is by no means meant to be exhaustive or a substitute for full briefing on this issue.  It is simply being provided as a courtesy and as a summary.

It is our position that the assignment from AllAdvantage to Alset was effective to transfer title to the '581 Patent.  As you noted the assignment specifically transferred the '581 Patent's parent patent—the '983 Patent.  Under MPEP section 306, assignment of the parent patent is effective against the continuation patent.  Additionally, the assignment specifically referred to "applications," which covers the continuation application that became the '581 Patent.  Further, California law governs the assignment.  Under California law, extrinsic evidence is admissible to determine if a contract is ambiguous and to interpret the ambiguity.  The extrinsic evidence in this case includes the fact that the assignment from AllAdvantage to Alset was filed with the USPTO as part of the '581 Patent's prosecution and demonstrates the parties' intent for that assignment to transfer ownership of the '581 Patent application.  We have also been able to speak with one of the prosecuting attorneys, who was involved in the recordation of the assignment and confirmed that it was the parties' intent to transfer all patents, including the '581 Patent.  So all of the extrinsic evidence we have located demonstrates the parties' intent to transfer the application that resulted in the '581 Patent.

Please let me know if you have any other questions.

Thank you,
Derek


> On Jan 29, 2015, at 1:39 PM, Lantier, Gregory <Gregory.Lantier@wilmerhale.com> wrote:
>
> Sorry, Derek – looks like I failed to type the word "assert" in the sentence below.   The question I am hoping to get an answer to is whether IV agrees that it will not assert the '581 patent's parent against Erie, Highmark, or Old Republic, even if Judge Hornak concludes that IV does not own the '581 patent.

**From:** Lantier, Gregory
**Sent:** Thursday, January 29, 2015 2:28 PM
**To:** 'Derek Gilliland'
**Cc:** Christian A. Hurt; Robert L. Wagner; VERNON M. WINTERS; Russell E. Cass; Ross Leonoudakis; John Ebken; Pearlson, Leslie; Marcus, David; Crudo, Richard; Grewal, Monica; Robert Winn Cutler; Ben King; Kirk Voss; Pam Ridgell; Edward Chin; Michelle Button; Debbi Lowe; Moni King; Henry Sneath; Andrew Wright
**Subject:** RE: Intellectual Ventures v. Erie and Highmark: Patent Ownership Issue

Derek:

Could you also clarify what IV's position is with respect to the parent of the '581 patent? I want to be sure that the reservation of rights does not apply to the '581 patent's parent. IV agrees that it will not that patent against these defendants even if it is found that IV does not own the '581 patent, correct?

Thanks,
Greg


**Gregory H. Lantier | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6327 (t)
+1 202 663 6363 (f)
gregory.lantier@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.


**From:** Derek Gilliland [mailto:dgilliland@nixlawfirm.com]
**Sent:** Thursday, January 29, 2015 7:59 AM
**To:** Lantier, Gregory
**Cc:** Christian A. Hurt; Robert L. Wagner; VERNON M. WINTERS; Russell E. Cass; Ross Leonoudakis; John Ebken; Pearlson, Leslie; Marcus, David; Crudo, Richard; Grewal, Monica; Robert Winn Cutler; Ben King; Kirk Voss; Pam Ridgell; Edward Chin; Michelle Button; Debbi Lowe; Moni King; Henry Sneath; Andrew Wright
**Subject:** Re: Intellectual Ventures v. Erie and Highmark: Patent Ownership Issue

Greg,

After reviewing the matter further, we do not believe there is a problem with the '581 patent's title and will not be moving to substitute the parent patent. While we reserve IV's right to seek amendment of the claims or add additional patents at a later time, IV has no current intention to add other patents to these suits.

In light of that, I think we should notify the Court that the case will proceed as currently plead and that the parties believe that there is no longer a need for a status conference call. Do you agree?

Thank you,
Derek

> On Jan 28, 2015, at 4:09 PM, Lantier, Gregory <Gregory.Lantier@wilmerhale.com> wrote:
>
> Derek:
>
> Following up on yesterday's discussion (and in anticipation of tomorrow's), could you let us know whether plaintiffs have reached a decision about whether to seek to add the parent of the '581 patent to the litigation? Also, are plaintiffs contemplating seeking to add any other patents? If there is a potential for any additions to the case, we think that would be relevant for the purposes of tomorrow's discussion.
>
> We would also be happy to discuss further by telephone tomorrow at your convenience. In light of the different time zones in which counsel are located, something at noon or later Eastern is probably best. Please let us know.
>
> Thanks,
> Greg
>
>
> ---
>
> **From:** Derek Gilliland [mailto:dgilliland@nixlawfirm.com]
> **Sent:** Monday, January 26, 2015 12:47 AM
> **To:** Lantier, Gregory
> **Cc:** Christian A. Hurt; Robert L. Wagner; VERNON M. WINTERS; Russell E. Cass; Ross Leonoudakis; John Ebken; Pearlson, Leslie; Marcus, David; Crudo, Richard; Grewal, Monica; Robert Winn Cutler; Ben King; Kirk Voss; Pam Ridgell; Ed Chin; Ross Leonoudakis; Michelle Button; Debbi Lowe; Moni King; Christian Hurt; Henry Sneath; Andrew Wright
> **Subject:** Re: Intellectual Ventures v. Erie and Highmark: Patent Ownership Issue
>
> Greg,
>
> I am not available anytime on Wednesday, between 11-2 CST on Thursday, and after 12 pm CST on Friday. Please request that the court not reschedule the call for any of those times.
>
> Thank you,
> Derek
>
>
> **Derek Gilliland**
> Registered Patent Attorney
> Email: dgilliland@nixlawfirm.com
> Web: www.NixLawFirm.com

3

**Nix, Patterson & Roach, LLP**
5215 N. O'Connor Blvd., Suite 1900
Irving, TX 75039

Phone:  972.831.1188
Fax:  972.444.0716

**AND**

**Nix, Patterson & Roach, LLP**
205 Linda Dr.
Daingerfield, Texas 75638-0679

Phone:  903.645.7333
Fax:  903.645.3827

================================================================
This email (including any attachments) may contain material that is confidential, privileged, and/or attorney work-product for the sole use of the intended recipient. Any review, reliance, or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient or believe you received this email by mistake, please contact the sender and delete all copies.
================================================================

> On Jan 24, 2015, at 5:34 AM, Lantier, Gregory <Gregory.Lantier@wilmerhale.com> wrote:
>
> Counsel:
>
> As you likely saw, Judge Hornak scheduled a telephonic status conference for 3:30 p.m. on Tuesday, January 27.  We are unavailable on Tuesday afternoon, but available any other time next week.  We plan to call the court on Monday morning to request that the Court move the status conference to a different time.
>
> Would you let us know if there are other times next week that you are *not* available for a telephonic status conference?  We will provide that information to the Court as well.
>
> Thanks,
> Greg
>
>
> **Gregory H. Lantier | WilmerHale**
> 1875 Pennsylvania Avenue NW
> Washington, DC 20006 USA
> +1 202 663 6327 (t)
> +1 202 663 6363 (f)

4

gregory.lantier@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Lantier, Gregory
**Sent:** Friday, January 23, 2015 6:26 AM
**To:** 'Derek Gilliland'
**Cc:** Christian A. Hurt; Robert L. Wagner; VERNON M. WINTERS; Russell E. Cass; Ross Leonoudakis; John Ebken; Pearlson, Leslie; Marcus, David; Crudo, Richard; Grewal, Monica
**Subject:** RE: Intellectual Ventures v. Erie and Highmark: Patent Ownership Issue

Thanks, Derek.  I did not mean to suggest that you had to send a full articulation of your response by today.  I thought that through the normal pre-suit diligence process you might already know of additional documents showing that IV owns the '581 patent.  It sounds like that is not the case.

In light of the upcoming hearing, I would like to identify the issue for the Court as it goes to jurisdiction to issue a ruling on the validity of the '581 patent.   Would you oppose us requesting a status conference with the Court in order to flag the issue?

Thanks,
Greg


**Gregory H. Lantier | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6327 (t)
+1 202 663 6363 (f)
gregory.lantier@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Derek Gilliland [mailto:dgilliland@nixlawfirm.com]
**Sent:** Thursday, January 22, 2015 11:29 AM
**To:** Lantier, Gregory
**Cc:** Christian A. Hurt; Robert L. Wagner; VERNON M. WINTERS; Russell E. Cass; Ross Leonoudakis; John Ebken; Pearlson, Leslie; Marcus, David; Crudo, Richard; Grewal, Monica
**Subject:** Re: Intellectual Ventures v. Erie and Highmark: Patent Ownership Issue

Greg,

We are looking into your email and will get back to you.  As you're email was not sent until 8 p.m. on Wednesday, however, it is highly unlikely that we will be able to respond by the end of this week.

Regards,
Derek

> On Jan 21, 2015, at 8:09 PM, Lantier, Gregory <Gregory.Lantier@wilmerhale.com> wrote:
>
> Counsel:
>
> We recently obtained and reviewed the certified file history of U.S. Patent Number 6,519,581 ("the '581 patent"), and I write to raise an apparent lack of ownership issue.
>
> Specifically, based on our review of the materials available to us, it appears that the January 29, 2002 Patent Assignment from Alladvantage.com to Alset, Inc. did not transfer rights to the '581 patent.  The language of the supporting Patent Assignment document submitted to the PTO (certified copy attached) lists numerous patents that were allegedly transferred from Alladvantage.com to Alset, Inc.  However, the '581 patent is not one of them.  While the parent of the '581 patent is among the listed patents, the Patent Assignment does not contain any language transferring any child applications or continuations.
>
> By contrast, a nearly identical conveyance between Sherwood Partners and Alladvantage.com (certified copy attached), contains the exact same itemized list of patents used in the Alladvantage/Alset assignment, but that Asset Purchase Agreement also included the express provision that continuations of

6

patents found in the enumerated list would also be transferred:
<image001.png>

Therefore, it appears that the '581 patent was never transferred from Alladvantage.com to Alset, Inc. (and thus never transferred to Plaintiffs).

Because the Court lacks subject matter jurisdiction over Plaintiffs' assertion of the '581 patent if they do not own that patent, we would like to promptly reach closure on this issue or bring it to the Court's attention in advance of the upcoming hearing on defendants' motions to dismiss. If you have further information that we were not able to see from review of the certified file history, we would appreciate it if you could provide it to us this week.

Thanks,
Greg

**Gregory H. Lantier | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6327 (t)
+1 202 663 6363 (f)
gregory.lantier@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

<Alladvantage to Allset Transfer (certified copy)_(139894745)_(1).pdf><Sherwood to Alladvantage Assignment (Certified Copy)_(139894909)_(1).pdf>