## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>ERIE FAMILY LIFE INSURANCE COMPANY;<br>ERIE INDEMNITY COMPANY;<br>ERIE INSURANCE COMPANY;<br>ERIE INSURANCE EXCHANGE;<br>ERIE INSURANCE PROPERTY & CASUALTY<br>COMPANY; and<br>FLAGSHIP CITY INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No. 1:14-cv-00220-MRH<br><br>FILING IN LEAD CASE<br><br><br><br>Time: 9:00 a.m.<br>Date: April 14, 2015<br>Place: Courtroom No. 6A<br><br>The Honorable Mark R. Hornak<br><br>ELECTRONICALLY FILED |
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>HIGHMARK INC.;<br>HM INSURANCE GROUP, INC.;<br>HM LIFE INSURANCE COMPANY;<br>HIGHMARK CASUALTY INSURANCE<br>COMPANY; and<br>HM Casualty Insurance Company,<br><br>        Defendants. | Civil Action No. 2:14-cv-01131-MRH |

**ERIE AND HIGHMARK DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO STRIKE HEARSAY DECLARATION OF PAUL HURLEY**

I.  **INTRODUCTION**

In support of their March 27, 2015 Opposition to Defendants' Motion to Dismiss the Asserted Claims related to U.S. Patent Number 6,519,581 ("'581 patent") (Dkt. 81), Intellectual Ventures I and II LLC ("IV"), rely upon a Declaration from Paul Hurley ("Hurley Declaration") as extrinsic evidence of the meaning of a 2002 patent assignment ("AllAdvantage Patent Assignment") between AllAdvantage.com ("AllAdvantage") and Alset, Inc. ("Alset"). Dkt. 81-2. Despite Defendants' express request on February 2, 2015, for IV to identify any extrinsic evidence on which they intended to rely, IV did not disclose Mr. Hurley's testimony prior to filing his declaration.

IV submitted the Hurley Declaration after prosecuting attorney Lisa Benado, the witness IV *did* identify as possessing relevant evidence, testified that she did not know the intent of the parties to the AllAdvantage Patent Assignment. IV should not be rewarded for playing "hide-the-ball" with respect to its evidence. The Court should exclude the Hurley Declaration because IV failed to disclose Mr. Hurley during discovery specifically aimed at answering the very question for which Defendants now propound Mr. Hurley's declaration.

As a result of IV's nondisclosure of its intent to rely upon Mr. Hurley, Defendants were unable to cross examine him through a deposition and thus the statements therein are untested hearsay. This reality provides an additional reason this Court should strike the entirety of his declaration.

Further, paragraphs 6 and 7 the Hurley Declaration – in which Mr. Hurley purports to testify as to the "parties'" intent in executing certain assignment agreements – should be stricken for the additional reason that they contain a second level of hearsay. While Mr. Hurley declares that he was CEO of Aveo, Inc. ("Aveo") and Alset, IV relies on these paragraphs of Mr. Hurley's declaration to prove the intent of two *other* companies: AllAdvantage and Sherwood

Partners ("Sherwood"). Mr. Hurley does not claim to have worked for either of these companies, and therefore could not have personal knowledge of their intentions.

## II.     BACKGROUND

On January 23, 2015, Defendants Erie and Highmark notified the Court that IV appeared to lack ownership of the '581 patent. Dkt. 63. IV contended that they owned the '581 patent, and identified Lisa Benado, an attorney involved in the prosecution of the '581 Patent Application, as the only extrinsic evidence on which they planned to rely. Ex. A, Email from D. Gilliland to G. Lantier on January 29, 2015 at 3:17PM[1]. On January 30, 2015, the Court continued the hearing on the Defendants' pending Motion to Dismiss Plaintiffs' Complaint, and set a briefing schedule for Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 68. Based on the parties' representations regarding the scope of relevant evidence, the Court ordered Defendants to "complete any necessary, reasonable discovery (which has been identified to the Court as a single oral deposition)" on or before February 27, 2015. *Id.*

On February 2, the next business day after the Court's Order, Defendants' counsel contacted IV's counsel to schedule the deposition of Ms. Benado. At that time, Defendants requested an identification of any additional extrinsic evidence on which IV planned to rely: "We intend to depose Ms. Benado, based on our understanding that Intellectual Ventures will rely upon her testimony as extrinsic evidence of the meaning of the assignment from AllAdvantage to Alset. . . . ***If there is any additional extrinsic evidence underlying Intellectual Ventures' contention that it is owner of the '581 patent, please let me know as soon as possible, so that***

---

[1] Exhibit A attached to the Declaration of Leslie Pearlson

*we can take any necessary discovery*." Ex. A on February 2, 2015 at 2:03PM. Emphasis added. IV did not respond to this request or disclose any additional extrinsic evidence.

Defendants deposed Lisa Benado on February 13, 2015. During the deposition, Ms. Benado testified that she had no knowledge of whether any party to the AllAdvantage Patent Assignment intended to transfer the '581 patent. Dkt. 76-12, Benado Deposition at 120:23-121:5; 93:3-4 ("I'm unaware of the intention of the parties."). No additional depositions were conducted by Defendants or IV.

Pursuant to the Court's briefing schedule, Defendants filed their Motion to Dismiss Due to Lack of Subject Matter Jurisdiction on February 27, 2015. Dkt. 74. On March 27, 2015, IV filed its Response, attaching the Hurley Declaration. Dkt. 81, 81-2.

In his declaration, Mr. Hurley states that, as founder of Aveo and co-founder of Alset, he "negotiated the assignment of Aveo, Inc.'s assets to Sherwood Partners, Inc. occurring in April of 2001," and "negotiated the purchase of assets from Alladvantage.com to Alset, Inc. occurring in January of 2002." Dkt. 81-2, ¶ 2-5. He also states, without elaboration, that "[i]t was the intent of the Aveo, Inc. to Sherwood Partners, Inc. assignment to transfer all of Aveo, Inc.'s assets to Sherwood Partners, Inc.," and that "[i]t was the intent of the Alladvantage.com to Alset, Inc. assignment to transfer to Alset, Inc. all assets previously owned by Aveo, Inc." Dkt. 81-2, ¶ 6-7. IV relies upon this declaration in its Response. Dkt. 81 at 8, 11, 12, 13. The filing of the Hurley Declaration was the first mention of IV's reliance on Mr. Hurley's testimony.

**III.   THE COURT SHOULD STRIKE THE HURLEY DECLARATION BECAUSE IV FAILED TO PROVIDE DEFENDANTS WITH AN OPPORTUNITY TO TAKE DISCOVERY**

Immediately following the Court's January 30 Order that Defendants complete any needed discovery and file their motion to dismiss the '581 patent by February 27, Defendants

asked IV to identify any extrinsic evidence on which it planned to rely.  Ex. A.  In response, IV chose to withhold its intention to submit a declaration from Mr. Hurley, depriving Defendants of any opportunity to take discovery regarding his knowledge or testimony.

The Court should not reward this litigation-by-ambush approach.  *INVISTA N. Am. S.a.r.l. v. M &G USA Corp.*, 2013 WL 3216109, at *5 (D. Del. June 25, 2013) (striking untimely supplemental declaration on the basis that defendant "disregarded the scheduling order and engaged in trial by ambush"); *E.J. Steward, Inc. v. Aitken Prods., Inc.*, 607 F. Supp. 883, 895 (E.D. Pa. 1985) (noting that "the purpose of discovery is to prevent trial by surprise").

Courts have cautioned that "[j]urisdictional discovery should be limited and carefully controlled." *Artis v. Greenspan*, 223 F.Supp.2d 149 (D.D.C. 2002).  Even in *less* controlled instances, such as after the closure of regular discovery periods, Courts will strike evidence such as the Hurley Declaration that has been offered without notice to the opposing party after the close of discovery.  *See Nippo Corp./Int'l Bridge Corp. v. AMEC Earth & Envmt., Inc.*, 2011 WL 1196922 (E.D. Pa. Mar. 30, 2011) (striking untimely declaration in context of summary judgment motion).  In deciding whether to allow evidence not previously disclosed to the opposing party, courts will examine several factors, including "the importance of the information withheld . . . the prejudice or surprise to the party against whom the evidence is offered. . . the explanation for the failure to disclose; and . . . the presence of bad faith or willfulness in not disclosing the evidence." *Id.* Each of these factors supports the striking of the Hurley Declaration.

Here, Paul Hurley's testimony is predominantly hearsay within hearsay (*see infra* IV(B)), and does not identify any intention of the parties' specific to the '581 patent, so what little non-hearsay testimony he offers is of little importance to this issue.  Because Defendants were not

allowed to cross-examine Mr. Hurley regarding his involvement in the negotiations, the basis of his testimony, or his knowledge of the '581 patent, Defendants would be severely prejudiced if the Hurley Declaration were allowed to stand without challenge. IV has not offered any explanation for their failure to disclose Mr. Hurley's declaration, and filed his declaration after being expressly asked by Defendants if they intended rely on any additional evidence. IV's silence suggests deliberate bad faith by IV to fail to disclose the Hurley Declaration. When examined together, these factors warrant the striking of the Hurley Declaration. *See id.*

**IV.   THE COURT SHOULD STRIKE THE HURLEY DECLARATION BECAUSE IT IS HEARSAY**

Because IV did not disclose its reliance on the testimony of Mr. Hurley to Defendants, the Hurley Declaration is an untested, out-of-court statement offered for the truth of the facts set forth therein, and the Court should strike the declaration as hearsay.

In the alternative, even if the Court does not strike the Hurley Declaration in its entirety for this reason, it should strike paragraphs 6 and 7, as they contain a second level of hearsay. Mr. Hurley does not claim an ownership, employee or any other business relationship to or with AllAdvantage or Sherwood, and thus any statement contained in the Declaration regarding their intentions is further hearsay for this additional reason.

**A.   Defendants Have Not Had an Opportunity to Cross Examine Paul Hurley and Therefore His Testimony as a Whole is Hearsay**

While the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions when considering a motion for lack of subject matter jurisdiction under Rule 12(b)(1), *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012), hearsay statements contained in declarations cannot not be considered. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d

Cir. 1986).  Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and absent an exception, it is not admissible evidence.  Federal Rules of Evidence 801, 802.  Because Mr. Hurley's Declaration is an untested out-of-court statement offered for its truth, the Court should strike it as hearsay.  Cf. *Iorio v. Aramark Servicemaster*, 2005 WL 3728715 *6 (D.Mass.) ("A motion to strike is the proper vehicle for challenging the admissibility of information contained in an affidavit.").

### 1. Mr. Hurley's Declaration Is an Inherently Untrustworthy Out-of-Court Statement

Though filed with IV's Response, Mr. Hurley did not make his statements before any tribunal, and Defendants have not had any opportunity to cross-examine Mr. Hurley.  Hearsay such as Mr. Hurley's Declaration "is inherently untrustworthy" because his "credibility cannot be evaluated," and he "cannot be cross-examined." *United States v. Reilly*, 33 F.3d 1396, 1409 (3d Cir. 1994).

The right to cross-examination is a fundamental element of due process in every adversary proceeding.  *See Derewecki v. Pa. R.R. Co.*, 353 F.2d 436, 442 (3d Cir. 1965) ("the right of cross-examination inheres in every adversary proceeding . . . if cross-examination of an available witness is not had the litigant, deprived of cross-examination, has been denied due process of law"); *see also Goldberg v. Kelly*, 397 U.S. 254, 269 (1970) ("In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.") (citations omitted).

If IV wished to rely upon Mr. Hurley's testimony, it was duty bound to inform Defendants of this intent during the discovery period allowed by the Court's Order. "A discovery period is senseless unless, during that period, the parties are under a duty to identify those

individuals with knowledge of the facts of the case . . . ." Scott v. Snider, 1994 WL 388959, at *4 (E.D. Pa. July 26, 1994). Indeed, Defendants specifically asked that IV do so. Ex. A. But IV chose not to identify Mr. Hurley, and that decision has cost Defendants their ability to inquire into the veracity of and basis for Mr. Hurley's statements, including the extent of Mr. Hurley's involvement in the negotiations, his basis of knowledge regarding the intent of AllAdvantage, and the extent, if any, of his knowledge specific to the '581 patent.

        2.        **IV Offers the Hurley Declaration for the Truth of the Matters Asserted Therein**

In his declaration, Hurley claims knowledge of the "intent of the Alladvantage.com to Alset, Inc. assignment." IV asserts that the declaration "supports IV's construction of the Agreement and confirms that the parties intended to transfer the '858 Application" Dkt. 81 at 16-17. IV thus relies on the declaration for the truth of the matters asserted therein, namely the intent of the parties to the AllAdvantage Patent Assignment. Because IV offers Mr. Hurley's out-of-court statements to prove the truth of the matters asserted therein, Mr. Hurley's "testimony" is hearsay this Court must reject. See, e.g., Sprinturf, Inc. v. Southwest Rec. Indus., Inc., No. 01-7158, 2003 U.S. Dist. LEXIS 22186, at *2 (E.D.Pa. Nov. 25, 2003) ("Because the declaration contains inadmissible hearsay, defendants' motion to strike the declaration is granted.").

        B.        **Paul Hurley's Testimony as to the Intent of the Parties is Hearsay Within Hearsay**

Mr. Hurley did not own or work for Sherwood or AllAdvantage and therefore can have no direct knowledge of those entities' intent. Thus, at best, his testimony regarding their intent could only be based on hearsay, and should be excluded.

When a hearsay statement itself contains a second hearsay statement, the statements are only admitted if "each part of the combined statements conforms with an exception to the rule"

against hearsay.  Federal Rule of Evidence 805.  Despite only describing his relationship to Aveo and Alset, Hurley claims knowledge of the "the intent of the Aveo, Inc. to Sherwood Partners, Inc. assignment" and the "intent of the Alladvantage.com to Alset, Inc. assignment." Dkt. 81-2.  He thus appears to be claiming knowledge of the intentions of both sides of each assignment.  Indeed, IV asserts that Paul Hurley's Declaration "confirms that *the parties* intended to transfer the ['581 Patent Application]" with the AllAdvantage Patent Assignment.  Dkt. 81 at 12-13.  (emphasis added).  However, Hurley claims no relationship to Sherwood or AllAdvantage that would afford him direct knowledge of their intent, and any knowledge Hurley would have of their intentions would be based purely on hearsay (though Mr. Hurley's declaration does not identify any basis – hearsay or otherwise – for its statements of AllAdvantage's intent).  Thus, Hurley's declaration should be stricken from the record. *Sprinturf, Inc. v. Southwest Rec. Indus., Inc.*, No. 01-7158, 2003 U.S. Dist. LEXIS 22186, at *2 (E.D.Pa. Nov. 25, 2003).

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Strike the Declaration of Paul Hurley as hearsay.

Dated: April 6, 2015

Respectfully submitted,
*s/ Alexander W. Saksen*
John G. Ebken (PA I.D. 91031)
Alexander W. Saksen (PA I.D. 86049)
GORDON & REES LLP
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
Tel.: (412) 577-7400
Fax: (412) 347-5461
Email: jebken@gordonrees.com
Email: asaksen@gordonrees.com

Gregory H. Lantier
(*pro hac vice*)
DC I.D. 492043
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania, Ave NW
Washington DC, 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
Email: gregory.lantier@wilmerhale.com

David C. Marcus
(*pro hac vice*)
CA I.D. 158704
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Ave, Suite 2100
Los Angeles, CA 90071
Tel.: (213) 443-5300
Fax: (213) 443-5400
Email: david.marcus@wilmerhale.com

Monica Grewal
(*pro hac vice*)
MA I.D. 659449
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
Email: monica.grewal@wilmerhale.com

*Counsel for Defendants Erie et al. and Highmark et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum was electronically filed and served via the Court's ECF system on this 6th day of April 2015.

*/s/ Alexander W. Saksen*
Alexander W. Saksen