IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Intellectual Ventures I LLC and** | § | |
| **Intellectual Ventures II LLC,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civ. No. 1:14-CV-220-MRH |
| | § | |
| **Erie Family Life Insurance Co.;** | § | The Honorable Mark R. Hornak |
| **Erie Indemnity Co.;** | § | |
| **Erie Insurance Co.;** | § | LEAD CASE |
| **Erie Insurance Exchange;** | § | |
| **Erie Insurance Property & Cas. Co.; and** | § | JURY TRIAL DEMANDED |
| **Flagship City Insurance Co.,** | § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| **Intellectual Ventures I LLC and** | § | |
| **Intellectual Ventures II LLC,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civ. No. 2:14-CV-1131-MRH |
| | § | |
| **Highmark Inc.;** | § | The Honorable Mark R. Hornak |
| **HM Insurance Group, Inc.;** | § | |
| **HM Life Insurance Co.;** | § | |
| **Highmark Cas. Insurance Co.; and** | § | JURY TRIAL DEMANDED |
| **HM Cas. Insurance Co.,** | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFFS INTELLECTUAL VENTURES I LLC AND
INTELLECTUAL VENTURES II LLC'S RESPONSE IN OPPOSITION TO THE
ERIE AND HIGHMARK DEFENDANTS' MOTION TO STRIKE [DKT. NO. 82]**

Intellectual Ventures ("Plaintiffs" or "IV") files this response to the Erie and Highmark Defendants' Motion to Strike Hearsay Declaration of Paul Hurley, Dkt. No. 82. The Court should deny the Motion because Mr. Hurley's declaration was timely provided, directly pertains to allegations first made in Defendants' Motion to Dismiss, Dkt. No. 75, and creates no prejudice.

## I. IV Volunteered Evidence and Provided All Requested Discovery to Defendants

Defendants mischaracterize the events leading up to the filing of Mr. Hurley's declaration. Defendants raised the standing arguments briefed in their Motion to Dismiss purportedly as a result of their review of the assignment history for the '581 Patent. *See* Dkt. No. 82-1 at 11–13 (Lantier email). That assignment history contains the names of several individuals involved in the assignments and prosecution of the '581 Patent: William D. Hofmann, John C. Hurley, Paul Hurley, and Lisa Benado. These individuals' inclusion on the documents surrounding the transactions at issue made every person listed on the assignments—including Paul Hurley—a person with knowledge of relevant facts. FED. R. EVID. 401.

IV never withheld any information from Defendants. On January 29, 2015, as a professional courtesy, counsel for IV responded to Defendants' standing concerns by outlining the basis for IV's ownership of the '581 Patent. *See* Dkt. No. 82-1 at 5–6 (Gilliland email). That summary included a description of how one of the '581 Patent's prosecuting attorneys confirmed IV's position. Defendants already knew that attorney's identity based on their review of the prosecution history, and IV's counsel quickly confirmed it was indeed Ms. Benado. *See id*. at 4–5 (Lantier email). Defendants never asked about IV's contacts with the other individuals featured prominently in the prosecution history and IV never limited its supporting evidence to Ms. Benado's personal knowledge. Defendants subpoenaed Ms. Benado only and, despite her

testimony and IV's volunteered evidence, doggedly pursued their Motion to Dismiss. IV never attempted to stop Defendants from obtaining additional evidence and fully cooperated in providing all of Defendants' requested standing-related discovery.

## II. Defendants Chose Not to Subpoena Paul Hurley and Suffer No Prejudice When His Testimony Corroborates Ms. Benado and Contradicts Their Attorney Argument

Defendants elected not to contact or subpoena Paul Hurley for documents or a deposition.[1] Their decision cannot become prejudice just because the testimony they failed to elicit supports IV's position. The individuals listed on the assignments—William D. Hofmann, John C. Hurley, and Paul Hurley—were logical persons for either party to contact. Ms. Benado mentioned Paul Hurley's name more than fifteen times when Defendants deposed her. *See* Exhibit 1, Benado Depo. at 32:17, 47:20, 69:16–25, 70:4, 74:20–23, 75:9–22, 86:3, 91:7–8, 133:7–19, 141:8 (Feb. 13, 2015). Ms. Benado produced a document in response to her subpoena that included Paul Hurley's phone numbers, which Defendants' marked as an exhibit to her deposition. *Id.* at 125:14–25, 133:7–11; *see also* Exhibit 2 (Benado Depo. Exh. 12). Despite discussing Paul Hurley at length in Ms. Benado's deposition and obtaining his contact information, Defendants filed their Motion to Dismiss without attempting to contact or subpoena Mr. Hurley. That Defendants now regret that choice does not amount to prejudice, but striking Paul Hurley's declaration based on Defendants' inaction *would* prejudice IV.

## III. IV May Introduce Fact Evidence from Paul Hurley to Rebut Defendants' Attacks on Ms. Benado's Testimony Raised for the First Time in Their Motion to Dismiss

It was only when Defendants filed their Motion to Dismiss that they raised an issue of Ms. Benado's alleged lack of knowledge. Despite learning of IV's conversation with Ms. Benado, deposing Ms. Benado, and having 14 days for further discovery before filing their

---

[1] Mr. Hurley is a third party whom Defendants were free to contact just as IV did. IV never discouraged or prevented Defendants from doing so.

Motion to Dismiss, Defendants never once argued to IV that Ms. Benado allegedly lacked sufficient personal knowledge of the challenged assignment.[2] *See* Dkt. No. 75 at 18. Despite deposing Ms. Benado for over 3 hours and obtaining 146 pages of testimony, the *only* portion of her deposition that Defendants cited were a few questions they claim show Ms. Benado's lack of personal knowledge. *Id*. As Defendants never raised this argument before moving to dismiss, IV was entitled to obtain additional evidence for its opposition brief to rebut this new allegation.

Mr. Hurley's declaration corroborates Ms. Benado's sworn testimony regarding the effect of the challenged assignment and the parties' intent to transfer the '581 Patent to Alset. Ms. Benado testified that the assignment transferred the application that became the '581 Patent to Alset. *See* Exhibit 1, Benado Depo. at 94:15–24, 95:21–96:5, 96:21–97:13, 119:22–120:9. Mr. Hurley's declaration is based on his knowledge as founder and CEO of Aveo and Alset and confirms the parties' intent to transfer all of Aveo's assets, including the application that became the '581 Patent, to Alset. Hurley Decl. Dkt. No. 81-2 at ¶¶ 3, 5 & 7. This evidence corroborates Ms. Benado's testimony and rebuts Defendants' attack on Ms. Benado's level of knowledge. IV should be allowed to present fact testimony from a knowledgeable individual well known to Defendants, but whom Defendants did not contact to explore whether his personal knowledge mirrored Ms. Benado's deposition testimony.

Paul Hurley's testimony is not prohibited hearsay, but is instead both proper and credible. As Defendants acknowledge, the Court can properly consider declarations to resolve this jurisdictional question. *See* Dkt. No. 83, Defendant's Memo ISO Motion to Strike, at 6. This Court can also consider all of the statements in Mr. Hurley's declaration given the early stage of

---

[2] Ms. Benado's first-hand observation of how Alset prosecuted the application that became the '581 Patent after receiving the challenged assignment is sufficient personal knowledge on which to testify about the assignment's effect and the parties' intent. *See United States v. Joy*, 192 F.3d 761, 767 (7th Cir. 1999) (citing *United States v. Rodriguez*, 968 F.2d 130, 143 (2d Cir. 1992)).

litigation. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009) (noting that the Court has substantial freedom to weigh evidence in light of the stage of the case); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*, 673 F.2d 700, 711 (3rd Cir. 1982). His involvement in the underlying transactions gives him sufficient knowledge to testify as to the intent of the parties. As founder and CEO of Aveo and Alset—the entity that received the assignment at issue from AllAdvantage—his testimony is both relevant and responsive to Defendants' Motion. As CEO of Alset, Paul Hurley had personal, direct knowledge of Alset's intentions regarding the assignment. And as Alset's CEO during the challenged assignment, Paul Hurley has personal knowledge of assignor AllAdvantage's intentions because "personal knowledge includes opinions and inferences grounded in observations or other first-hand experiences." *See Joy*, 192 F.3d at 767 (citing *Rodriguez*, 968 F.2d at 143); *Holman v. Trammell Crow Co.*, No. 03-3603, 2005 U.S. Dist. LEXIS 3501, at *2 (E.D. Pa. Mar. 7, 2005). Paul Hurley's contemporaneous observations and first-hand experiences corroborate Ms. Benado's testimony and obviate concerns about her lack of personal knowledge.

## IV. CONCLUSION

IV should not suffer for Defendants' failure to pursue relevant evidence. Paul Hurley's declaration responds to attacks levied for the first time in Defendants' Motion to Dismiss. Paul Hurley has personal knowledge of the challenged assignment. His declaration was obtained shortly before IV's response was filed and was timely provided to Defendants. IV respectfully requests that the Court deny Defendants' Motion to Strike.

Respectfully submitted,

___/s/ derek gilliland_____

          **DEREK GILLILAND** *(pro hac vice)*
          TX 24007239
          **NIX PATTERSON & ROACH, L.L.P.**
          205 Linda Drive
          Daingerfield, Texas 75638
          903.645.7333 (telephone)
          903.645.5389 (facsimile)
          dgilliland@nixlawfirm.com

          **EDWARD CHIN** *(pro hac vice)*
          TX 50511688
          **ANDREW WRIGHT** *(pro hac vice)*
          TX 24063927
          **KIRK VOSS** *(pro hac vice)*
          TX 24075229
          **CHRISTIAN J. HURT** *(pro hac vice)*
          TX 24059987
          **NIX PATTERSON & ROACH, L.L.P.**
          5215 N. O'Connor Blvd., Suite 1900
          Irving, Texas 75039
          972.831.1188 (telephone)
          972.444.0716 (facsimile)
          edchin@me.com
          andrewjwright@me.com
          kirkvoss@me.com
          christianhurt@nixlawfirm.com

          **HENRY M. SNEATH, ESQ.**
          PA 40559
          **ROBERT L. WAGNER, ESQ.**
          PA 308499
          **PICADIO SNEATH MILLER & NORTON, P.C.**
          Four Gateway Center
          444 Liberty Avenue, Suite 1105
          Pittsburgh, Pennsylvania 15222
          412.288.4000 (telephone)
          412.288.2405 (facsimile)


          **ATTORNEYS FOR PLAINTIFFS**
          **INTELLECTUAL VENTURES I LLC**
          **INTELLECTUAL VENTURES II LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.5 and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 10th day of April, 2015.

         /s/ derek gilliland_____
    **DEREK GILLILAND**