# Intellectual Ventures I LLC et al.
## v.
# Erie Indemnity Co. et al. and Highmark, Inc. et al.

1:14-cv-00220, 2:14-cv-01131 (W.D. Pa.)

Rule 12(b)(1) Motion to Dismiss
Due to Lack of Standing
April 14, 2015



# Organization

- Assignment History

- Language in AllAdvantage to Alset Patent Assignment was insufficient to transfer the '581 patent

- Parol Evidence should not be admitted, and the evidence offered by IV does not Support the Transfer of the '581 patent





**Inventors to Aveo Inc.**

- Executed:
  April 28-29, 1998 ('983 application)
- Executed:
  April 25-27, 2001 ('581 application)

**Sherwood Partners to Alladvantage**

- Executed:
  July 23, 2001

**Alset Inc. to Expeditionary Sound**

- Executed:
  February 7, 2005

**Aveo Inc. to Sherwood Partners**

- Executed:
  May 24, 2002
- Effective:
  April 10, 2001

**Alladvantage to Alset Inc.**

- Executed:
  January 29, 2002

**Expeditionary Sound to Intellectual Ventures**

- Executed:
  February 7, 2012

1998    Assignment History    2012




Defendants' Rule 12(b)(1) Motion to Dismiss Presentation    3

# Assignment 1a: 1998 Inventors to Aveo, Inc. '983 Application

- Identifies the '983 application (parent to the '581 patent) by title and application number



and its successors, assigns, and legal representatives, the entire right, title, and interest for the United States and all foreign countries, in and to any and all improvements that are disclosed in the application for the United States patent that was filed <u>January 31, 1998</u> and assigned Application No. <u>09/017,112</u> and is entitled:

<mark>METHOD AND APPARATUS FOR COLLECTING INFORMATION REGARDING A DEVICE OR A USER OF A DEVICE</mark>.

and in and to said application and all divisional applications, continuation applications, continued prosecution applications, continuation-in-part applications, substitute applications, renewal applications, reissue applications, reexaminations, extensions, and all other patent applications that have been or shall be filed in the United States and all foreign countries on any of said improvements; and in and to all original patents, reissued patents, reexamination certificates, and extensions that have been or shall be issued in the United States and all foreign countries on said improvements; and in and to all rights of priority resulting from the filing of said United States application;

Ex. 2 to Defendants' 12(b)(1) Motion to Dismiss at 4



# Assignment 1a: 1998 Inventors to Aveo, Inc. '983 Application

- Also specifically assigns all continuation applications derived from the '983 application



and in and to said application and all divisional applications, continuation applications,

Ex. 2 to Defendants' 12(b)(1) Motion to Dismiss at 4



# Assignment 1b: 2001 Inventors to Aveo, Inc. '581 Application

- 2001 Assignment from co-inventors Hoffman and Hurley to Aveo, Inc.

Ex. 3 to Defendants' 12(b)(1)
Motion to Dismiss at 5



# Assignment 1b: 2001 Inventors to Aveo, Inc. '581 Application

- Identifies the '581 application by title and application number



and its successors, assigns, and legal representatives, the entire right, title, and interest for the United States and all foreign countries, in and to any and all improvements that are disclosed in the application for the United States patent that has been executed by the undersigned prior hereto or concurrently herewith on the dates indicated below and is entitled COLLECTION OF INFORMATION REGARDING A DEVICE OR A USER OF A DEVICE ACROSS A COMMUNICATION LINK

and in and to said application and all divisional applications, continuation applications, continued prosecution applications, continuation-in-part applications, substitute applications, renewal applications, reissue applications, reexaminations, extensions, and all other patent applications that have been or shall be filed in the United States and all foreign countries on any of said improvements; and in and to all original patents, reissued patents, reexamination certificates, and extensions, that have been or shall be issued in the United States and all foreign countries on said improvements; and in and to all rights of priority resulting from the filing of said United States application;

Ex. 3 to Defendants' 12(b)(1) Motion to Dismiss at 5




Defendants' Rule 12(b)(1) Motion to Dismiss Presentation

7

# Assignment 2: Aveo, Inc. to Sherwood Partners

- Nunc Pro Tunc assignment executed May 24, 2002, effective as of April 10, 2001



Ex. 4 to Defendants' 12(b)(1)
Motion to Dismiss at 8



# Assignment 2: Aveo Inc. to Sherwood Partners

- Identifies the '581 Application and the '983 patent by Title, Application Number, and File Date



Serial No. 08/985,389, and issued on December 11, 2001 as U.S. Patent No. 6,330,610; U.S. Patent Application entitled METHOD AND APPARATUS FOR COLLECTING INFORMATION REGARDING A DEVICE OR A USER OF A DEVICE, the specification of which was filed on January 31, 1998 under U.S. Patent Application Serial No. 09/017,112, and issued on May 22, 2001 as U.S. Patent No. 6,236,983; U.S. Patent Application entitled COLLECTION OF INFORMATION REGARDING A DEVICE OR A USER OF A DEVICE ACROSS A COMMUNICATION LINK, the specification of which was filed on April 27, 2001 under U.S. Patent Application Serial No. 09/844,858; and

Ex. 4 to Defendants' 12(b)(1) Motion to Dismiss at 8



# Assignment 3: Sherwood Partners to AllAdvantage.com

- Asset Purchase Agreement executed July 23, 2001 between Sherwood Partners and AllAdvantage.com.



Ex. 5 to Defendants' 12(b)(1) Motion to Dismiss at 5



# Assignment 3: Sherwood Partners to AllAdvantage.com

- Assigns a list of 18 patents and applications. The '581 application is not listed.





Ex. 5 to Defendants' 12(b)(1) Motion to Dismiss at 8

Ex. 5 to Defendants' 12(b)(1) Motion to Dismiss at 9




# Assignment 3: Sherwood Partners to AllAdvantage.com

- Identifies the '983 patent by title and patent number



| Title | Status | Serial number/ Patent number |
|---|---|---|
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 08/98RS,389 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 15377/99 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 2312704 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 98959614.3 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 09/017,114 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 15623/99 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 99905472.9 |
| Collecting Information About a Computer or Its User | Pending | 24774/99 |
| Collecting Information About a Computer or Its User | Pending | 2318852 |
| Collecting Information About a Computer or Its User | Pending | 99904362.3 |
| Multi-Stage Data Filtering on a Single System | Pending | 09/198,337 |
| Multi-Stage Data Filtering on a Single System | Pending | 16231/99 |
| Multi-Stage Data Filtering on a Single System | Pending | 2312705 |

| | | |
|---|---|---|
| Method and Apparatus for Collecting Information regarding a Device or a User of a Device. | Issued | 6,236,983 |
| System, Method, and Article of Manufacture for Product Return of Software and Other Information. | Issued | 5,984,508 |
| Method and Apparatus for Collecting Information regarding a Device or a User of a Device. | Issued | 6,236,983 |



# Assignment 3: Sherwood Partners to AllAdvantage.com

- Parties expressly agreed to assign "any continuations" of the listed patents.





Ex. 5 to Defendants' 12(b)(1) Motion to Dismiss at 5

# Assignment 4: AllAdvantage.com to Alset, Inc.

- Executed January 29, 2002.



Ex. 1 to Defendants' 12(b)(1)
Motion to Dismiss at 5



Ex. 1 to Defendants' 12(b)(1)
Motion to Dismiss at 6



# Assignment 4: AllAdvantage.com to Alset, Inc.

- Assigns 17 patents and applications
- The '581 application is not on the list



| Patent Title | Status | Serial Number/ Patent Number |
|---|---|---|
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 08/985,389 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 15377/99 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 2312704 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 98959614.3 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 25623/99 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 99905472.9 |
| Collecting Information About a Computer or Its User. | Pending | 24774/99 |
| Collecting Information About a Computer or Its User. | Pending | 2318852 |
| Collecting Information About a Computer or Its User. | Pending | 99904362.3 |
| Multi-Stage Data Filtering on a Single System. | Pending | 09/198,337 |
| Multi-Stage Data Filtering on a Single System. | Pending | 16231/99 |
| Multi-Stage Data Filtering on a Single System. | Pending | 2312705 |
| Multi-Stage Data Filtering on a Single System. | Pending | 98960689.2 |
| System, Method, and Article of Manufacture for Product Return of Software and Other Information. | Pending | 2,294,124 |
| System, Method, and Article of Manufacture for Product Return of Software and Other Information. | Pending | 98931419.0 |
| System, Method, and Article of Manufacture for Product Return of Software and Other Information. | Issued | 5,984,508 |
| Method and Apparatus for Collecting Information regarding a Device or a User of a Device. | Issued | 6,236,983 |




Ex. 1 to Defendants' 12(b)(1) Motion to Dismiss at 5-6

# Assignment 4: AllAdvantage.com to Alset, Inc.

- Identifies the '983 patent by title and patent number



| Patent Title | Status | Serial Number/ Patent Number |
|---|---|---|
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 08/985,389 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 15377/99 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 2312704 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 98959614.3 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 25623/99 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 99905472.9 |
| Collecting Information About a Computer or Its User. | Pending | 24774/99 |
| Collecting Information About a Computer or Its User. | Pending | 2318852 |
| Collecting Information About a Computer or Its User. | Pending | 99904362.3 |
| Multi-Stage Data Filtering on a Single System. | Pending | 09/198,337 |
| Multi-Stage Data Filtering on a Single System. | Pending | 16231/99 |
| Multi-Stage Data Filtering on a Single System. | Pending | 2312705 |

| Method and Apparatus for Collecting Information regarding a Device or a User of a Device. | Issued | **6,236,983** |
|---|---|---|

| System, Method, and Article of Manufacture for Product Return of Software and Other Information. | Issued | 5,984,508 |
|---|---|---|
| Method and Apparatus for Collecting Information regarding a Device or a User of a Device. | Issued | **6,236,983** |

Ex. 1 to Defendants' 12(b)(1) Motion to Dismiss at 5-6



# Assignment 4: AllAdvantage.com to Alset, Inc.

- Identifies three applications related to the '983 patent



| Patent Title | Status | Serial Number/ Patent Number |
|---|---|---|
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 08/985,389 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 15377/99 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 2312704 |
| Multi-Stage Data Filtering for Preserving User Privacy. | Pending | 98959614.3 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 25623/99 |
| Method and Apparatus for Attribute-Based Addressing. | Pending | 99905472.9 |
| Collecting Information About a Computer or Its User. | Pending | 24774/99 |
| Collecting Information About a Computer or Its User. | Pending | 2318852 |
| Collecting Information About a Computer or Its User. | Pending | 99904362.3 |
| Multi-Stage Data Filtering on a Single System. | Pending | 09/198,337 |
| Multi-Stage Data Filtering on a Single | Pending | 16231/99 |

| | | |
|---|---|---|
| Collecting Information About a Computer or Its User. | Pending | 24774/99 |
| Collecting Information About a Computer or Its User. | Pending | 2318852 |
| Collecting Information About a Computer or Its User. | Pending | 99904362.3 |

| | | |
|---|---|---|
| Manufacture for Product Return of Software and Other Information. | | |
| Method and Apparatus for Collecting Information regarding a Device or a User of a Device. | Issued | 6,236,983 |



Ex. 1 to Defendants' 12(b)(1) Motion to Dismiss at 5-6

# Assignment 4: AllAdvantage.com to Alset, Inc.

- Agreement does not assign "any continuations" of the listed patents, nor does it assign the "invention" described in the patents.

- Assignment language:

WHEREAS, Alset Inc., a Delaware corporation ("*Assignee*"), having its principal place of business at 555 Bryant Street #307, Palo Alto, CA 94301, is desirous of acquiring said patents, NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Assignor, does hereby assign unto Assignee, all right, including common law rights, title and interest in the United States of America, Canada, the European Union, and all other countries and jurisdictions of the world in and to said patents together with the goodwill of the business symbolized by said patents and applications and registrations thereof.

Ex. 1 to Defendants' 12(b)(1) Motion to Dismiss at 6



# Assignment 5: Alset, Inc. to Expeditionary Sound

- Alset Inc. purported to assign the '983 and '581 patents to Expeditionary Sound on February 7, 2005

## ASSIGNMENT OF PATENT RIGHTS

For good and valuable consideration, the receipt of which is hereby acknowledged, Alset, Inc. having offices at 555 Bryant Street, Palo Alto, CA 94301, ("*Assignor*"), does hereby sell, assign, transfer and convey unto Expeditionary Sound LLC, a Nevada limited liability company, having an office at 2215-B Renaissance Drive, Suite 5, Las Vegas, NV 89119 ("*Assignee*") or its designees, all of Assignor's right, title and interest in and to the patents listed below and the inventions disclosed in any of the foregoing, any and all counterpart United States, international and foreign patents, applications and certificates of invention based upon or covering any portion of the foregoing, and all reissues, re-examinations, divisionals, renewals, extensions, provisionals, continuations and continuations-in-part of any of the foregoing (collectively "*Patent Rights*");

| Patent or Application No. | Country | Filing Date | Title and Inventor(s) |
|---|---|---|---|
| 6,236,983 | US | 1/31/1998 | Method and apparatus for collecting information regarding a device or a user of a device |
| 6,519,581 | US | 4/27/2001 | Collection of information regarding a device or a user of a device across a communication link |

Ex. 8 to Defendants' 12(b)(1) Motion to Dismiss at 4



# Assignment 6: Expeditionary Sound to Intellectual Ventures

- Expeditionary Sound and Intellectual Ventures merged on February 7, 2013



*Delaware*

PAGE  1

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"EXPEDITIONARY SOUND LLC", A NEVADA LIMITED LIABILITY COMPANY,

WITH AND INTO "INTELLECTUAL VENTURES I LLC" UNDER THE NAME OF "INTELLECTUAL VENTURES I LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE SEVENTH DAY OF FEBRUARY, A.D. 2013, AT 4:21 O'CLOCK P.M.

Ex. 9 to Defendants' 12(b)(1) Motion to Dismiss at 5



# Burden of Proof

- A plaintiff who brings suit for patent infringement "has the burden to show necessary ownership rights [in the asserted patent(s)] to support standing to sue." *Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012)

- If the plaintiff does not own the patent, "the suit must be dismissed, and the jurisdictional defect cannot be cured after the inception of the lawsuit." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010)

- IV must show ownership of the patent by a "clear and unmistakable" intent to transfer the '581 patent. *Univ. Patents, Inc. v. Kligman,* 762 F. Supp. 1212, 1219 (E.D. Pa. 1991)



# Burden of Proof

- Defendants do not have an "elevated burden" to prove that the '581 patent was not transferred.

- IV confuses the distinction between the *validity* of an assignment and its *effect/meaning.*

  – "While recording [an assignment with the Patent and Trademark Office] creates a presumption in [Plaintiff's] favor if the validity of the Agreement is challenged, *it has no bearing on the question of what substantive rights were actually transferred*" *Clouding IP, LLC v. Google Inc.*, No. CV 12-639-LPS, 2014 WL 3767489 at *5 n.12 (D. Del. July 28, 2014)

- Courts examine the meaning of assignments without assigning a burden of proof.

  – *DDB Techs., LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 (Fed. Cir. 2008); *Euclid Chem. Co. v. Vector Corrosion Techs*, 561 F.3d 1340, 1348-50 (Fed. Cir. 2009); *Gerber Sci. Int'l, Inc. v. Satisloh AG*, Civ. No. 3:07-CV-1392, 2009 U.S. Dist. LEXIS 79690, at *13-14 (D. Conn. Sept. 2, 2009)



# Language in AllAdvantage Patent Assignment Does Not Transfer the '581 Patent

- IV is relying on two phrases of the AllAdvantage to Alset Patent Assignment language to transfer the '581 patent:

    1. "all… rights, title and interests. . . in and to **said patents**"

    2. "together with the goodwill of the business symbolized by said patents and applications and registrations thereof"



# "Said Patents" Do Not Include the '581 Patent Application

- "Automatic" transfer of children patents occurs only through the transfer of "ideas" or "inventions".  The AllAdvantage Patent Assignment transferred an **issued** patent only.

  – *DDB Techs., LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1287 (Fed. Cir. 2008), *Gerber Sci. Int'l, Inc. v. Satisloh AG*, Civ. No. 3:07-CV-1392, 2009 U.S. Dist. LEXIS 79690, at *13-14 (D. Conn. Sept. 2, 2009), *E.I. Du Pont de Nemours & Co. v. Okuley*, Civ. No. C2-97-1205, 2000 U.S. Dist. LEXIS 21385, at *80 (S.D. Ohio Dec. 21, 2000).

- At the time of assignment, the '581 application had been filed with the PTO and was known to the parties.

  – Patent applications are treated the same as issued patents for assignment purposes.  35 U.S.C. § 261.



# "Goodwill" Does Not Include the '581 Patent Application

- Goodwill is an asset that does not include patents.
  - *Weston Anson, The Intangible Assets Handbook 7* (ABA Section of Business Law 2007).

- Goodwill is "the value 'beyond the mere value of the capital, stock, funds, or property employed therein' associated with continued patronage."  *Deseret Mgmt. Corp. v. United States*, 112 Fed. Cl. 438, 449 (2013)



# Under California Law Parol Evidence Should Not Be Admitted to Vary the Agreement

- The first step, under California Law, is to consider the terms of the contract. Cal. Civ. Code § 1638 (2015).

- The Court may look at (without admitting) extrinsic evidence to determine whether the meaning of a specific contract term is "reasonably susceptible" to a party's proposed interpretation—*i.e.*, whether particular words of the written contract are ambiguous.

- The Court cannot ***add*** language to the contract
  - *Curry v. Moody*, 40 Cal. App. 4th 1547, 1554 (1995) ("[E]xtrinsic evidence cannot be used to show that when the parties said 'Bunker Hill Monument' they meant 'the Old South Church' or that when they said 'pencils' they really meant 'car batteries.'")
  - *Winet v. Price*, 4 Cal. App. 4th 1159, 1165 (1992)



# Parol Evidence Does Not Support the Transfer of the '581 Patent

- IV offers only 3 pieces of parol evidence, which provide no evidence of whether AllAdvantage transferred the '581 Patent.
    - Declaration of Paul Hurley
    - Benado Testimony
    - Actions of AllAdvantage and Alset



# The Hurley Declaration Should be Stricken from the Record

- Defendants requested an identification of any additional extrinsic evidence on which IV planned to rely.  IV made no response to this request.

| | |
|---|---|
| From: | Lantier, Gregory |
| Sent: | Monday, February 02, 2015 2:03 PM |
| To: | Derek Gilliland |
| Cc: | Christian A. Hurt; Robert L. Wagner; VERNON M. WINTERS; Russell E. Cass; Ross Leonoudakis; John Ebken; Pearlson, Leslie; Marcus, David; Crudo, Richard; Grewal, Monica; Robert Winn Cutler; Ben King; Kirk Voss; Pam Ridgell; Edward Chin; Michelle Button; Debbi Lowe; Moni King; Henry Sneath; Andrew Wright |
| Subject: | RE: Intellectual Ventures v. Erie and Highmark:  Patent Ownership Issue |

Derek:

We intend to depose Ms. Benardo, based on our understanding that Intellectual Ventures will rely upon her testimony as extrinsic evidence of the meaning of the assignment from AllAdvantage to Alset.   Are you

We understand that, at present, Intellectual Ventures also plans to rely upon the recordation of the AllAdvantage to Alset assignment at the PTO as extrinsic evidence.  If there is any additional extrinsic evidence underlying Intellectual Ventures' contention that it is owner of the '581 patent, please let me know as soon as possible, so that we can take any necessary discovery.

In addition, based on our prior exchange, I do not believe that there are additional documents in Intellectual Ventures' possession or control that bear on the ownership issue.  If there are any such documents, please let me know and also confirm that Intellectual Ventures make those documents available so that defendants can include them in their opening brief and take any needed discovery with respect to any such documents.  We have the certified file history of the '581 patent, so this is limited to any documents not included there.

Greg

Gregory H. Lantier | WilmerHale
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6327 (t)
+1 202 663 6363 (f)
gregory.lantier@wilmerhale.com

Email from G. Lantier to D. Gilliland.  Dkt. 82-1




Defendants' Rule 12(b)(1) Motion to Dismiss Presentation

28

# The Hurley Declaration Should be Stricken from the Record

- The Hurley Declaration is hearsay.  Defendants have not had an opportunity to cross-examine Mr. Hurley regarding:
  - His knowledge of the '581 patent.
  - His relationship to AllAdvantage.com and Sherwood Partners.
  - His involvement in the relevant negotiations.

- The Hurley Declaration is hearsay within hearsay.
  - Paul Hurley has no ownership, employee or any other business relationship to or with AllAdvantage or Sherwood.  He cannot know what the intention of AllAdvantage or Alset was.

- Paul Hurley has no direct knowledge of the intent of AllAdvantage.



# The Hurley Declaration Should Not Be Credited

- The Hurley Declaration contains only a conclusory statement, unsupported by any corroborating facts
  - Devoid of any detail that would enable the Court to determine whether to credit his conclusory statements.

I, Paul Hurley, declare:

1. I have personal knowledge of the facts set forth in this Declaration. I am competent to testify to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying.

2. I was the founder of Aveo, Inc. and Chief Executive Officer from October 1997 to April

> 6. It was the intent of the Aveo, Inc. to Sherwood Partners, Inc. assignment to transfer all of Aveo, Inc.'s assets to Sherwood Partners, Inc.
>
> 7. It was the intent of the Alladvantage.com to Alset, Inc. assignment to transfer to Alset, Inc. all assets previously owned by Aveo, Inc.

Aveo, Inc.'s assets to Sherwood Partners, Inc.

7. It was the intent of the Alladvantage.com to Alset, Inc. assignment to transfer to Alset, Inc. all assets previously owned by Aveo, Inc.

8. I declare under penalty of perjury that the foregoing statements are true to the best of my knowledge.

Executed on March 26, 2015.

Paul Hurley

Hurley Declaration

 

# The Hurley Declaration Should Not Be Credited

- The Hurley Declaration is contrary to the actions of the parties.

- When the '581 patent was filed on April 27, 2001, Aveo (through its CEO, Paul Hurley) required that the inventors execute <u>a separate</u> assignment of the '581 application.

  - In 1998, the co-inventors assigned the '983 Patent Application.
  - In 2001, the co-inventors <u>separately</u> assigned the '581 Patent Application and transferred it by name.

and its successors, assigns, and legal representatives, the entire right, title, and interest for the United States and all foreign countries, in and to any and all improvements that are disclosed in the application for the United States patent that has been executed by the undersigned prior hereto or concurrently herewith on the dates indicated below and is entitled <u>COLLECTION OF INFORMATION REGARDING A DEVICE OR A USER OF A DEVICE ACROSS A COMMUNICATION LINK</u>,

and in and to said application and all divisional applications, continuation applications, continued prosecution applications, continuation-in-part applications, substitute applications, renewal applications, reissue applications, reexaminations, extensions, and all other patent applications that have been or shall be filed in the United States and all foreign countries on any of said improvements; and in and to all original patents, reissued patents, reexamination certificates, and extensions, that have been or shall be issued in the United States and all foreign countries on said improvements; and in and to all rights of priority resulting from the filing of said United States application;

Ex. 3 to Defendants' 12(b)(1) Motion to Dismiss at 5



# The Hurley Declaration Should Not Be Credited

- 9 months after the separate transfer of the '581 patent from the inventors to Aveo, the parties <u>did not separately</u> assign the '581 application from AllAdvantage to Alset and only assigned the '983 patent.
- *13 years later*, Paul Hurley is declaring that the '581 patent was transferred from AllAdvantage to Alset.





# The Benado Deposition

- IV cites to the testimony of Lisa Benado, prosecuting attorney of the '581 Patent.  She has no contemporaneous knowledge of the parties' intent:

```
 4       Q.      Looking at the Asset Purchase Agreement, did you
 5   draft that Asset Purchase Agreement?
 6       A.      No, I did not.
 7       Q.      Do you recall who drafted it?
 8       A.      I have no knowledge of who drafted this.
 9       Q.      While working on prosecuting the -581 patent,
10   did you review that document?
11       A.      Yes, I did.
12       Q.      While prosecuting the -581 patent -- excuse me,
13   patent, did you have any involvement in negotiating that
14   agreement?
15       A.      No, I did not.
16       Q.      Did you have any involvement in executing that
17   agreement?
18       A.      No, I did not.
19       Q.      Do you know who the parties were at AllAdvantage
20   that were involved in drafting that agreement?
21       A.      I do not know.
22       Q.      Do you know who the parties were involved at
23   Sherwood in drafting that agreement?
24       A.      I don't.
```

```
 2   2002, did you speak to anyone at AllAdvantage about
 3   drafting that document?
 4       A.      No, I did not.
 5       Q.      At that time the document was prepared in 2002,
 6   did you speak to anyone at Sherwood about drafting that
 7   agreement?
 8       A.      No, I did not.
 9       Q.      Do you have any recollection of who was involved
10   from AllAdvantage in negotiating that agreement?
11       A.      No, I do not.
12       Q.      Any knowledge of who was involved from Sherwood
13   in negotiating that agreement?
14       A.      No, I don't.
```

Benado dep. 77:4-78:14



# The Parties' Post-Transfer Actions After the Execution of the Assignment

- Often a Plaintiff that is later found not to own the patent will have prosecuted its application and taken similar steps.

  - *See, e.g.*, *Bd. of Trust. of Leland Stanford v. Roche Sys.*, 131 S. Ct. 2188, 2199 (2013) (finding Defendant to be proper owner of patents at issue, despite the fact that plaintiff filed for, prosecuted, and asserted patents at issue); *Ultra-Temp Corp. v. Advanced Vacuum Sys., Inc.*, 189 F.R.D. 17, 25 (D. Mass. 1999) (finding plaintiff not to be the proper owner of the patent at issue, despite plaintiff's prosecution of the patent); *Mayfair Wireless LLC v. Cellco P'ship*, No. cv 11-772-SLR-SRF, 2013 WL 4657507, at *4-5 (D. Del. Aug. 30, 2013) (infringement action dismissed for lack of subject matter jurisdiction due to a break in the chain of title, despite the fact that alleged assignee took responsibility for the prosecution of the patent at issue)

- The words of the assignment document govern.

