# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ERIE FAMILY LIFE INSURANCE COMPANY; ERIE INDEMNITY COMPANY; ERIE INSURANCE COMPANY; ERIE INSURANCE EXCHANGE; ERIE INSURANCE PROPERTY & CASUALTY COMPANY; and FLAGSHIP CITY INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 1:14-cv-00220-MRH <br><br> FILING IN LEAD CASE <br><br> **Old Republic Defendants' Supplement to Plaintiffs' Notice of Supplemental Authority (ECF 89)** <br><br> Time: 9:00 a.m. <br> Date: April 14, 2015 <br> Place: Courtroom No. 6A <br><br> The Honorable Mark R. Hornak <br><br> ELECTRONICALLY FILED <br> JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HIGHMARK INC.; HM INSURANCE GROUP, INC.; HM LIFE INSURANCE COMPANY; HIGHMARK CASUALTY INSURANCE COMPANY; and HM CASUALTY INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 2:14-cv-01131-MRH |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and )<br>INTELLECTUAL VENTURES II LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>OLD REPUBLIC GENERAL )<br>INSURANCE GROUP, INC.; )<br>OLD REPUBLIC INSURANCE COMPANY; )<br>OLD REPUBLIC TITLE )<br>INSURANCE GROUP, INC.; and )<br>OLD REPUBLIC NATIONAL TITLE )<br>INSURANCE COMPANY, )<br>)<br>Defendants. ) | Civil Action No. 2:14-cv-01130-MRH |

**Old Republic Defendants' Supplement to Plaintiffs'  
Notice of Supplemental Authority (ECF 89)**

Plaintiffs have submitted a Notice of Supplemental Authority (ECF 89) regarding *Messaging Gateway Solutions, LLC v. MBLOCX, et al.*, No. 14-735-RGA (D. Del. April 15, 2015). There, the district court considered the patent-ineligibility challenge under 35 U.S.C. §101 at the pleading stage—specifically, on cross-motions for judgment on the pleadings under FRCP 12(c), which as the district court noted involves the FRCP 12(b)(6) standard. Opn. at 1-2. Plaintiff's notice doesn't fairly report the case. In particular, the notice omits two points.

1. The court found patent-eligibility only because it was "directed to a problem unique to text-message telecommunication between a mobile device and a computer." *Id*. at 10.

2. The court was inclined to agree that the clear-and-convincing standard can't apply to §101 issues, Opn. at 5, but didn't reach the issue because its conclusion was the same either way. *Id*.

\* \* \* \* \*

1

The balance of this supplement responds to plaintiff's argument. At the April 14, 2015 hearing's conclusion, the Court allowed notices of supplemental authority, specifying that the notice state simply that a new opinion relevant to "Issue X" had issued and identify, in a non-argumentative way, the relevant parts of the opinion. (The parties agreed that briefing on this motion has been robust, even leaving aside the Court's own independent research as discussed at the hearing.) Instead, IV has submitted argument about defendants' presentation to the Court at the hearing. ECF 89 at 1. If the Court is to consider plaintiffs' argument, the Old Republic defendants respectfully ask that it consider this response to it.

In particular, the supplemental brief argues that "the 'plausibility' standard [applies] to the § 101 analysis." ECF 89, at 1 (brackets supplied). The district court's opinion doesn't change Old Republic's argument—or, for that matter, the law. To be sure, the new opinion quotes *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)'s holding that "***[w]hen there are well-pled factual allegations***, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679 (emphasis supplied). But the opinion doesn't go on to apply that holding, because there were no facts to which it could apply.

Section 101 issues present an ultimate question of law, *Bancorp Servs., LLC v. Sun Life Assurance Co. of Can*., 687 F.3d 1266, 1273 (Fed. Cir. 2012), which is why the Federal Circuit hasn't mentioned, let alone applied, *Iqbal* in its post-*Alice* §101 cases involving 12(b) motions. *See Ultramercial, Inc. v. Hulu, Inc*., 772 F.3d 709 (Fed. Cir. 2014) (12(b)(6)); *BuySafe, Inc. v. Google, Inc*., 765 F.3d 1350 (Fed. Cir. 2014) (12(c)), and *Content Extraction and Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343 (Fed. Cir. 2014) (12(b)(6)).

Indeed, *Ultramcercial*'s repeated reversals by the Supreme Court corroborates that resolving §101 issues at the pleadings stage shouldn't be a "rare bird." There, the district court

2

granted a 12(b)(6) motion on §101 issues, and the Federal Circuit initially reversed—after which the Supreme Court directed reconsideration twice, first in light of *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S.Ct. 1289 (2012), and again in light of *Alice*. *See Ultramercial III*, 772 F.3d at 712-713 (recounting the multiple Supreme Court directives for re-review of the district court's 12(b)(6) ruling). That approach is consistent with the Court's description of patent-eligibility under §101 as a "threshold" issue. *Bilski v. Kappos*, 130 S.Ct. 3218, 3226 (2010).

Dated: April 23, 2015                               Respectfully submitted,

 *s/ Vernon M. Winters*
Vernon M. Winters (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, CA 94018
Tel.: (415) 772-7441
Email: vwinters@sidley.com

 *s/ Arthur H. Stroyd, Jr.*
Arthur H. Stroyd, Jr.
PA ID No. 15910
Justin T. Romano
PA ID No. 307879
DEL SOLE CAVANAUGH STROYD LLC
The Waterfront Building 200 First Avenue,
Suite 300 Pittsburgh, PA 15222
Tel.: (412) 261-2393
Email: astroyd@dscslaw.com
Email: jromano@dscslaw.com

*Counsel for Defendants Old Republic General Insurance Group, et al.*

3