**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>               Plaintiffs,<br><br>      v.<br><br>ERIE FAMILY LIFE INSURANCE COMPANY;<br>ERIE INDEMNITY COMPANY;<br>ERIE INSURANCE COMPANY;<br>ERIE INSURANCE EXCHANGE;<br>ERIE INSURANCE PROPERTY & CASUALTY<br>COMPANY; and<br>FLAGSHIP CITY INSURANCE COMPANY,<br><br>               Defendants. | Civil Action No. 1:14-cv-00220-MRH<br><br>FILING IN LEAD CASE<br><br>Time: 9:00 a.m.<br>Date: April 14, 2015<br>Place: Courtroom No. 6A<br><br>The Honorable Mark R. Hornak<br><br>ELECTRONICALLY FILED<br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>               Plaintiffs,<br><br>      v.<br><br>HIGHMARK INC.;<br>HM INSURANCE GROUP, INC.;<br>HM LIFE INSURANCE COMPANY;<br>HIGHMARK CASUALTY INSURANCE<br>COMPANY; and<br>HM CASUALTY INSURANCE COMPANY,<br><br>               Defendants. | Civil Action No. 2:14-cv-01131-MRH |

**Old Republic Defendants' Notice of Supplemental Authority
Regarding *OIP Technologies, Inc. v. Amazon.com, Inc*.
No. 2012-1696 (Fed. Cir. June 11, 2015)**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and ) <br> INTELLECTUAL VENTURES II LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OLD REPUBLIC GENERAL ) <br> INSURANCE GROUP, INC.; ) <br> OLD REPUBLIC INSURANCE COMPANY; ) <br> OLD REPUBLIC TITLE ) <br> INSURANCE GROUP, INC.; and ) <br> OLD REPUBLIC NATIONAL TITLE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendants. ) | Civil Action No. 2:14-cv-01130-MRH |

**Old Republic Defendants' Notice of Supplemental Authority**
**Regarding *OIP Technologies, Inc. v. Amazon.com, Inc*.**
**No. 2012-1696 (Fed. Cir. June 11, 2015)**

At the hearing on these motions, the Court invited the parties to submit a Notice of Supplemental Authority when relevant new precedent issued. The Court asked that such Notices identify the issues to which new authority was relevant and very briefly explain why the new authority was relevant to such issues. The Old Republic defendants respectfully submit this notice of supplemental authority regarding a new Federal Circuit §101 precedential opinion, *OIP Tech., Inc. v. Amazon.com, Inc.*, No. 2012-1696 (Fed. Cir. June 11, 2015), that is relevant to the pending motions to dismiss all three patents asserted against the Old Republic defendants.[1]

The new precedential authority, attached as Appendix 1, concludes that none of the 62

---

[1] In particular, to the Old Republic defendants' motion to dismiss, Dkt. 31 in Case No. 2:14-cv-01130, which this Court provisionally consolidated for pretrial purposes with Case No. 2:14-cv-00220-MRH. The latter was earlier-filed and is thus the lead case.

1

claims of the challenged patent in that case, U.S. Patent No. 7,970,713, involved patent-eligible subject-matter.[2] Slip Opn. at 1. *OIP Tech.* is relevant to issues in the pending §101 motions to dismiss, as follows.

1. **Whether a district court can or should decide §101 patent-eligibility motions on the pleadings.** The opposition urged that determining patent-eligibility must be delayed until later in a case. *E.g.*, Dkt. 46-1 at 1. In *OIP Technologies*, the circuit endorsed resolution at the pleadings stage. Slip Opn. at 9 & Slip Conc. Opn. at 1 (rejecting counter-argument as unpersuasive). The concurrence explained that "[f]ailure to recite statutory subject matter is the sort of 'basic deficiency,' that can, and should, 'be exposed at the point of minimum expenditure of time and money by the parties and the court,' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)." Slip Conc. Opn. at 1 (Mayer, J., concurring) (citation and quotations in original; parenthesis omitted).

2. **Whether §101 patent-eligibility issues are a question of law.** The opposition brief urged that patent-eligibility under §101 wasn't an issue of law. Dkt. 52 at 6. *OIP Tech.* reminded that "[p]atent eligibility under 35 U.S.C. § 101 is an issue of law reviewed de novo." Slip Opn. at 5 (citation omitted).

3. **Whether patent-eligibility can be determined based on a representative claim.** The opposition disputed whether patent-eligibility could be determined based on a representative claim. *E.g.*, Dkt. 52 at 1. *OIP Tech.* found all 62 claims of the challenged patent, which consisted of both method and computer-media claims, not to be directed towards patent-eligible subject-matter, based on its analysis of representative claim 1.

---

[2] The voided '713 patent, attached hereto as Appendix 2, contained 62 claims. The first 26 were method claims; the rest, computer-readable medium claims. The patentee applied for it May 2000, and it issued in June 2011.

4.      **Whether, in step one of *Alice*'s two-part framework, the patent's technological context must be part of the identified abstract idea.** The opposition contended that the patent's specific technological context must be part of the abstract idea identified in step one of *Alice*'s two-part framework. Dkt. 52 at 14-17 (the '581 patent), at 17-19 (the '434 patent), & 19-21 (the '002 patent). In *OIP Tech.*, the patent's "Field of Invention" stated that "the invention relates to methods and apparatus for automatically adjusting pricing on items in an electronic commerce environment," '713 patent Col. 1:29-31, and its "Summary of the Invention" stated that an "automatic pricing method and apparatus for use in electronic commerce environments is described," *id*. Col. 2:49-50. Despite that computer-specific environment, the circuit concluded that "the claims are directed to the concept of offer-based price optimization." Slip Opn. at 6.

5.      **Whether a patent avoid patent-ineligibility because it purports to claim specific, concrete, and detailed computer technology.** The opposition defended the patent-eligibility of IV's patents by arguing that the claims concern specific, concrete, and detailed computer technology. Dkt. 52 at 14-17 (the '581 patent), at 17-19 (the '434 patent), & 19-21 (the '002 patent). In *OIP Tech.*, the circuit concluded that the limitations of all 62 claims recited well-understood, routine, and conventional activities or routine gathering steps. Slip Opn. at 6-7. Those limitations consisted of specific, concrete, and detailed computer technology such as:

- "sending a first set of electronic messages over a network to devices";
- "wherein the devices are programmed to receive offers for the product based on the offer terms; wherein the devices are not configured to fulfill orders by providing the product";
- "wherein each price of said plurality of prices is used in the offer associated with at least one electronic message in said first set of electronic messages";
- "gathering, within a machine-readable medium, statistics generated during said testing about how the potential customers responded to the offers";

3

- "using a computerized system to read said statistics from said machine-readable medium and to automatically determine, based on said statistics, an estimated outcome of using each of the plurality of prices for the product;"

- "selecting a price at which to sell said product based on the estimated outcome determined by said computerized system"; and

- "sending a second set of electronic messages over the network, wherein the second set of electronic messages include offers, to be presented to potential customers, of said product at said selected price."

'713 patent, Col. 16:2-39. The other claims of that challenged patent are in Appendix 2 hereto.


Dated: June 12, 2015                                Respectfully submitted,

                                                     *s/ Vernon M. Winters*
                                                    Vernon M. Winters (*pro hac vice*)
                                                    SIDLEY AUSTIN LLP
                                                    555 California Street, 20th Floor
                                                    San Francisco, CA 94018
                                                    Tel.: (415) 772-7441
                                                    Email: vwinters@sidley.com

                                                     *s/ Arthur H. Stroyd, Jr.*
                                                    Arthur H. Stroyd, Jr.
                                                    PA ID No. 15910
                                                    Justin T. Romano
                                                    PA ID No. 307879
                                                    DEL SOLE CAVANAUGH STROYD LLC
                                                    The Waterfront Building 200 First Avenue,
                                                    Suite 300 Pittsburgh, PA 15222
                                                    Tel.: (412) 261-2393
                                                    Email: astroyd@dscslaw.com
                                                    Email: jromano@dscslaw.com

                                                    *Counsel for Defendants Old Republic General Insurance Group, et al.*