# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC §<br>and §<br>INTELLECTUAL VENTURES II LLC §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>ERIE INDEMNITY COMPANY; §<br>ERIE INSURANCE EXCHANGE; §<br>ERIE INSURANCE PROPERTY & §<br>CASUALTY COMPANY; §<br>ERIE INSURANCE COMPANY; §<br>FLAGSHIP CITY INSURANCE §<br>COMPANY; and §<br>ERIE FAMILY LIFE INSURANCE §<br>COMPANY §<br>§<br>*Defendants.* § | Civil Action No. 1:14-CV-00220<br><br>**LEAD CASE**<br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC §<br>and §<br>INTELLECTUAL VENTURES II LLC §<br>§<br>*Plaintiffs,* §<br>§<br>v. §<br>§<br>OLD REPUBLIC GENERAL §<br>INSURANCE GROUP, INC; §<br>OLD REPUBLIC INSURANCE §<br>COMPANY; §<br>OLD REPUBLIC TITLE INSURANCE §<br>GROUP, INC; and §<br>OLD REPUBLIC NATIONAL TITLE §<br>INSURANCE COMPANY §<br>§<br>*Defendants.* §<br>§ | Civil Action No. 2:14-CV-1130<br><br>**JURY TRIAL DEMANDED** |

**RESPONSE TO NOTICES OF SUPPLEMENTAL AUTHORITY**

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC** § <br> **and** § <br> **INTELLECTUAL VENTURES II LLC** § <br> § <br> *Plaintiffs,* § <br> § <br> **v.** § <br> § <br> **HIGHMARK, INC.;** § <br> **HM INSURANCE GROUP, INC.;** § <br> **HM LIFE INSURANCE COMPANY;** § <br> **HIGHMARK CASUALTY** § <br> **INSURANCE COMPANY;** § <br> **HM CASUALTY INSURANCE** § <br> **COMPANY;** § <br> § <br> *Defendants.* § <br> § <br> § | **Civil Action No. 2:14-CV-1131** <br><br> **JURY TRIAL DEMANDED** |

## THE INTELLECTUAL VENTURES PLAINTIFFS' RESPONSE TO NOTICES OF SUPPLEMENTAL AUTHORITY

Old Republic argued a number of issues in its notices of supplemental authority (Docket Nos. 103 and 104), relying on the *OIP Technologies, Inc. v. Amazon.com, Inc.*, No. 2012-1696 (Fed. Cir. June 11, 2015) and *Internet Patents Corp. v. Active Networks, Inc.*, No. 2014-1048 (Fed. Cir. June 23, 2015) decisions.  Intellectual Ventures responds as follows:

1. **Whether a District Court must decide § 101 patent-eligibility motions at the pleadings stage.**

Nothing in either the *OIP Technologies* decision or the *Internet Patents* decision requires a District Court to resolve the merits of a § 101 challenge at the motion to dismiss stage (as opposed to summary judgment after the development of a record).  It is true that those appeals arose from the granting of a motion to dismiss.  But the propriety of the District Court resolving those § 101 issues at the motion to dismiss stage—prior to claim construction—was not at-issue in either decision.  It is a high bar to invalidate on the merits a presumptively valid patent at the motion to dismiss stage, as other District Courts have recognized.  *See, e.g.*, Sample Docket Control Order – Patent, *available at* http://www.txed.uscourts.gov/cgi-bin/view_document.cgi?document=22244 ("Parties seeking to file dispositive motions under 35 U.S.C. § 101 before the Court's Claim Construction Order has issued may do so only upon a grant of leave from the Court after a showing of good cause.").  For some patents, that high bar may be cleared, like it was in *OIP Technologies* and *Internet Patents*.  But, as Intellectual Ventures laid out in its submissions, the Defendants have not met that exacting standard here.

2. **Whether § 101 patent-eligibility issues are pure questions of law.**

Intellectual Ventures agrees that patent-eligibility is ultimately a legal conclusion.  But it is not always a *pure* question of law, as the "that legal conclusion may contain underlying factual issues." *Accenture Global Servs., GmBH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013).  Neither *OIP Technologies* nor *Internet Patents* altered that standard, and, as

Intellectual Ventures has argued, the technology-heavy nature of the asserted patents strongly counsels against resolving the Defendants' § 101 challenge prior to developing a claim construction and factual record.

> **3.  Whether patent-eligibility can be determined based on a representative claim.**

The propriety of wholesale invalidating an entire patent based on one representative claim was not at issue in either the *OIP Technologies* or *Internet Patents* decisions. And, indeed, that is not what happened in those cases. In *Internet Patents*, the Court analyzed both the independent and dependent claims. Slip Op., at 8–12. The Court in *OIP Technologies* also delineated the limitations present in a number of independent and dependent claims. Slip Op., at 4. Old Republic, in contrast, cherry picked one claim per patent in its motion and accordingly failed to meet its threshold burden to prevail.

> **4.  Patent Eligibility is a Case-by-Case Analysis Tied to the Patent-at-Issue**

Addressing the merits of their Motion, Old Republic misrepresents the *OIP Technologies* and *Internet Patents* decisions. Neither decision supports Old Republic's position that, rather than analyze the specific patent claims and disclosure, the *Alice* inquiry endorses erasing the technological nature of an invention in favor of a conventional analog that lacks a basis in the patent—*e.g.*, recasting the '581 Patent's specific client-server agent computer technology as "calling a friend whom one is going to visit in a neighboring town to ask him to check his barometer to decide if one should bring a raincoat," the '434 Patent's specific computer database search and retrieval architecture as "searching for a book in a library," and the '002 Patent's mobile interface technology as an "abstract" ATM machine, *see* Docket No. 31, at 1–2. Indeed, Old Republic recognizes that attacks grounded in anticipation (§ 102) and obviousness (§ 103) are "necessarily different from [] § 101 patent-eligibility issues." Docket No. 105, at 2.

Nor did the decisions, as Old Republic argues, ignore claim limitations, the specification, or the technological context of the patents at issue. The Court actually did the opposite. In *OIP Technologies*, the Court concluded that the claims were "directed to the concept of offer-based price optimization" because the claims recited a "method of pricing a product for sale" and the specification further described the invention as an "automatic pricing method and apparatus for use in electronic commerce." Slip. Op. at 6. The Court then analyzed the specific claim limitations and concluded that they did not transform the abstract idea to a patent-eligible application of that idea. *Id.* at 6–10. Likewise, the *Internet Patents* Court held that the claims were directed to "the idea of retaining information in the navigation of online forms," which is unsurprising because the claims recited "maintaining" a state of a form "wherein said maintaining allows use of said Back and Forward navigation functionalities without loss of said state." Slip Op. at 4, 10. And, like the *OIP Technologies* Court, the Court in *Internet Patents* analyzed the claim elements—including dependent claims—under the second step of *Alice*. *Id.* at 10–12. Neither decision performed (let alone endorsed) Old Republic's shortcut patent-eligibility analysis.

As Intellectual Ventures explained in its prior submissions, the challenged patents here claim patent-eligible subject matter. They do not claim an abstract concept with instructions to perform that concept via a generic computer. Instead, each patent is directed to the foundation of the specific computer technology itself—computer network technology, computer database technology, and mobile computing technology. As a result, they claim patent-eligible subject matter. At a minimum, the Defendants have failed to show, by clear and convincing evidence, that, upon review of a full record, it is implausible that at least one of the patent claims will survive an eligibility attack.

Respectfully submitted,

*/s/Robert L. Wagner*

**Henry M. Sneath** (Pa. ID No. 40559)
**Robert L. Wagner** (Pa. ID No. 308499)
**Kelly A. Williams** (Pa. ID No. 74782)
**Picadio Sneath Miller & Norton, P.C.**
Four Gateway Center
444 Liberty Avenue
Suite 1105
Pittsburgh, PA 15222
412.288.4000 (telephone)
412.288.2405 (facsimile)
hsneath@psmn.com
rwagner@psmn.com
kwilliams@psmn.com

**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**Christian J. Hurt**
Texas State Bar No. 24059987
**Robert Winn Cutler**
Texas State Bar No. 24084364
**Ross Leonoudakis**
Texas State Bar No. 24087915
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com

kirkvoss@me.com
christianhurt@nixlawfirm.com
winncutler@nixlawfirm.com
rossl@nixlawfirm.com

***COUNSEL FOR PLAINTIFFS
INTELLECTUAL VENTURES I LLC AND
INTELLECTUAL VENTURES II LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.5 and served via the Court's electronic filing system on all counsel who have consented to electronic service on June 29, 2015.

<u>/s/Robert L. Wagner</u>