# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>ERIE FAMILY LIFE INSURANCE COMPANY;<br>ERIE INDEMNITY COMPANY;<br>ERIE INSURANCE COMPANY;<br>ERIE INSURANCE EXCHANGE;<br>ERIE INSURANCE PROPERTY & CASUALTY COMPANY; and<br>FLAGSHIP CITY INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No. 1:14-cv-00220-MRH<br><br>**FILING IN LEAD CASE**<br><br>Time: 9:00 a.m.<br>Date: April 14, 2015<br>Place: Courtroom No. 6A<br><br>The Honorable Mark R. Hornak<br><br>ELECTRONICALLY FILED<br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>HIGHMARK INC.;<br>HM INSURANCE GROUP, INC.;<br>HM LIFE INSURANCE COMPANY;<br>HIGHMARK CASUALTY INSURANCE COMPANY; and<br>HM CASUALTY INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No. 2:14-cv-01131-MRH |

**Old Republic Defendants' Notice of Supplemental Authority Regarding**
*Intellectual Ventures I, LLC et al. v. Capital One Bank (USA), et al.*,
**No. 2014-1506 (Fed. Cir. July 6, 2015)**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiffs,<br><br>   v.<br><br>OLD REPUBLIC GENERAL<br>INSURANCE GROUP, INC.;<br>OLD REPUBLIC INSURANCE COMPANY;<br>OLD REPUBLIC TITLE<br>INSURANCE GROUP, INC.; and<br>OLD REPUBLIC NATIONAL TITLE<br>INSURANCE COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:14-cv-01130-MRH |

**Old Republic Defendants' Notice of Supplemental Authority Regarding**
*Intellectual Ventures I, LLC et al. v. Capital One Bank (USA), et al.,*
**No. 2014-1506 (Fed. Cir. July 6, 2015)**

On Monday, the United States Court of Appeals for the Federal Circuit again issued authority relevant to the pending 12(b)(6) motions to dismiss: its unanimous, precedential opinion in *Intellectual Ventures I, LLC et al. v. Capital One Bank (USA), et al.*, No. 2014-1506 (Fed. Cir. July 6, 2015) ("*Capital One*"). That decision affirmed a district court's Rule 56 Order voiding on §101 grounds all asserted claims of two U.S. Patents: Nos. 8,083,137, entitled "Administration of financial accounts," and 7,603,382, entitled "Advanced internet interface providing user display access of customized webpages." For ease of reference, the new Federal Circuit opinion is attached as Appendix 1, and the two patents with the voided claims are attached as Appendixes 2 (the '137 patent) and 3 (the '382 patent), respectively.

This latest Federal Circuit §101 decision—its twelfth, since *Alice Corp. Pty. Ltd. v. CLS Bank, Int'l*, 134 S.Ct. 2347 (2014), and its fifth since the oral argument on the pending

1

motions—again confirms the answers to two overarching questions at the heart of the parties' disagreement about whether Intellectual Ventures' three patents survive §101 patent-eligibility assessment under *Alice Corp. Pty. Ltd. v. CLS Bank, Int'l*, 134 S.Ct. 2347 (2014). To provide useful context for those two answers, we also briefly discuss Intellectual Ventures' arguments in that appeal, as reflected in its Federal Circuit reply brief, which is attached as Appendix 4.

     1.     *Must or should the details of a patent's claim limitations be part of the abstract idea identified in step one of Alice's two-part analytical methodology?* Intellectual Ventures' opposition here urged that, for each of the three challenged patents, details of the claim limitations must be part of the abstract idea identified in step one of *Alice*'s two-part analytical methodology.[1] In the *Capital One* appeal, Intellectual Ventures likewise told the Federal Circuit that, for each of the two patents there subject to *Alice* assessment (the '137 patent and the '382 patent), details of the subject patent's claim limitations must be part of the abstract idea identified in *Alice*'s step one.[2] The '137 patent's representative claim contained details such as:

- "storing, in a database, a profile keyed to a user identity and containing one or more user-selected categories to track transactions associated with said user identity";
- "causing communication, over a communicate medium and to a receiving device, of transaction summary data in the database for at least one of the one or more user-selected categories"; and
- "said transaction summary data containing said at least one user-selected category's user pre-set limit."[3]

---

[1] Dkt. 52 at 14 ('581 patent not abstract because it was directed to "client-server computer architecture in which the discovery agents are connected to the discovery rules through a 'discovery engine,' another specific computer process."); *id*. at 23 ('434 patent not abstract because it was "directed to a specific computer solution, namely retrieving computer files from a computer database system by utilizing an index file that contains specific metadata linked to those files and transforming that data to create a unique key."); and *id*. at 25 ('002 patent not abstract because it was "directed towards a specific, concrete computer invention: mobile interface software for a computer of a mobile device that can dynamically access user information stored in a remote computer.").

[2] Appendix 4 at 4-7, 12, & 17-19.

[3] *Capital One,* Slip Op. at 6-7.

2

Notwithstanding those specific, concrete, and computer-specific requirements, the circuit concluded that the '137 patent was directed to the abstract idea of "tracking financial transactions to determine whether they exceed a pre-set spending limit (i.e., budgeting)."[4]

The representative claim of the other patent subject to *Alice* assessment in that appeal, the '382 patent, likewise contained similarly detailed and computer-specific limitations, such as:

- "an interactive interface configured to provide dynamic web site navigation data to the user";

- "a display depicting portions of the web site visited by the user as a function of the web site navigation data"; and

- "a display depicting portions of the web site visited by the user as a function of the user's personal characteristics."[5]

To determine whether that and the related claims ran afoul of *Alice*'s step one, the circuit first described what the claim related to: "the claim relates to customizing information based on (1) information known about the user and (2) navigation data."[6] To determine whether that description was an abstract idea for *Alice* step one purposes, the circuit looked to whether each constituent element of that general description reflected a long-standing practice.[7] Each did. Customizing information based on information known about the user was like tailoring a newspaper advertisement based on the customer's location.[8] And customizing information based on navigation data was like customizing television advertisements based on the time of day.[9] The circuit therefore concluded that the representative claim and the associated claims reflected an abstract idea for purposes of *Alice*'s step one.

---

[4] *Capital One,* Slip Op. at 6-7.
[5] *Id.* at 10.
[6] *Id.* at 11.
[7] *Id.* at 11-12.
[8] *Id.* at 11.
[9] *Id.* at 11-12.

3

We now turn to the opinion's teachings about *Alice*'s step two.

2.      *Does a patent satisfy Alice's step two because it purports to claim specific, concrete, and detailed computer technology?* In its opposition before this Court, Intellectual Ventures argued that because it patent claims concerned specific, concrete, and detailed computer technology, they were patent-eligible.[10] Its failed *Capital One* appeal made those same kinds of arguments. It argued, for example, that the voided '382 patent survived patent-eligibility assessment under *Alice* because it was directed to "a concrete invention applying a concrete technological solution in a particularized context."[11] It argued that the claims of both challenged patents survived patent-eligibility assessment under *Alice* because each "appl[ied] the ideas at issue to specific applications using specific technology," and "claim[ed] specific technology as part of the invention that implements meaningful solutions to practical problems."[12]

The circuit rejected those kinds of patent-eligibility arguments. The specification of each challenged patent described generic, standard computer technologies such as databases, computer processors, and user interfaces; thus, the circuit reasoned, each patent's claims failed *Alice*'s step two.[13] (For example, the '137 patent's specification showed, in Figure 1, an embodiment of the claimed invention uses computer technologies such as communication links, data processors, databases, and user profiles.[14] The '382 patent's specification disclosed embodiments that used computer technologies such as a computer interface that presented information in a user-specific manner,[15] computer databases,[16] and computer memory.[17]) In

---

[10] Dkt. 52 at 14-17 (the '581 patent), at 17-19 (the '434 patent), & 19-21 (the '002 patent).

[11] Appendix 4 at 19.

[12] *Id*. at 3 & 4.

[13] *Capital One*, Slip Op. at 9 ('137 patent) & 12-14 ('382 patent).

[14] Appendix 2 at Fig. 1 & 3:20-23 (explaining Figure 1).

[15] Appendix 3, Abstract.

[16] *Id*. Figs. 4A-4C.

4

particular, the circuit agreed with the district court that the voided claims of the '382 patent

> consist[] of nothing more tha[n] the entry of data into a computer database, the breakdown and organization of that entered data according to some criteria, . . . and the transmission of information derived from that entered data to a computer user, all through the use of conventional computer components, such as a database and processors, operating in a conventional manner.[18]

Dated: July 8, 2015

Respectfully submitted,

 *s/ Vernon M. Winters*
Vernon M. Winters (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, CA 94018
Tel.: (415) 772-7441
Email: vwinters@sidley.com

*s/ Arthur H. Stroyd, Jr.*
Arthur H. Stroyd, Jr.
PA ID No. 15910
Justin T. Romano
PA ID No. 307879
DEL SOLE CAVANAUGH STROYD LLC
The Waterfront Building 200 First Avenue,
Suite 300 Pittsburgh, PA 15222
Tel.: (412) 261-2393
Email: astroyd@dscslaw.com
Email: jromano@dscslaw.com

*Counsel for Defendants Old Republic General Insurance Group, et al.*

---

[17] *Id*. at 4:11.
[18] *Capital One,* Slip Op. at 12 (brackets in original).