IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC ET AL, | )<br>)<br>) |
| Plaintiffs, | ) 1:14-cv-220<br>)<br>) Judge Mark R. Hornak |
| v. | )<br>) |
| ERIE INDEMNITY COMPANY ET AL, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

The Court held a status conference with counsel on October 6, 2015 relative to the procedural posture of this case, specifically as to the Plaintiffs' claims of asserted infringement of the '298 Patent. The Defendants noted that they believed that the Court's Opinion, ECF No. 117, did not specifically address their Motion to Dismiss for an alleged failure to state a claim in the Complaint and/or in the alternative for a more definite statement. The Court inquired of all counsel about the status of the proceedings before the United States Patent and Trademark Office. Those proceedings had been previously referenced by the Defendants and could have called into question the viability of the '298 Patent. Counsel advised the Court that those proceedings had been concluded without a "merits" determination on that topic, and that no appeals or review of those matters were pending, or even possible.

Upon further inquiry, the Defendants advised the Court, as they had in the Memorandum in support of their Motion to Dismiss, that they would challenge the viability of the '298 Patent under 35 U.S.C. § 101. ECF No. 47 at 1, n.2. They stated that such a challenge was not predicated on a need for a more specific pleading, to which point the Plaintiffs concurred. The Defendants advised the Court that they were prepared to make that § 101 challenge at the earliest

procedural juncture. Plaintiffs advised the Court that they believed the sounder and most appropriate course was for the litigation to proceed in the normal course, for the Court to rule (if it determined a further ruling was necessary) on the Defendants' Motion to Dismiss/Motion for More Definite Statement as to the '298 Patent, and for the parties to then begin the applicable pretrial process with an Answer from the Defendants. They also advised the Court that they believed that permitting the Defendants to make a § 101 challenge now, before those other pretrial proceedings began, would in essence be an impermissible "do over" of the Defendants' Motion to Dismiss argument.

If the Court did not permit the Defendants to now make the § 101 challenge that they say is coming, and instead ordered them to file an Answer (either based on the Complaint as it now stands, or after an amendment or more definite statement), they could simply file such an Answer, and then turn right around and make those same arguments in a Motion for Judgment on the Pleadings. *See* Fed. R. Civ. P. 12(c). If that happened, it would be just as much of a "do over" as permitting them to make that challenge now via a Motion under Fed. R. Civ. P. 12(b).

Both Plaintiffs and Defendants have told the Court that any such § 101 challenge to the '298 Patent would be based on the Patent itself, so the Court's determination that the Complaint is, or is not, sufficiently "pled" as it now stands would appear to be academic in those regards. Along the same lines, the Court will not fault the Defendants for not making a § 101 challenge in the substance of the arguments on the dismissal motions made as to the '002, '434, or '581 Patents, given the then-pending proceedings before the Patent Office. Had they done so at that point in this Court, the Court likely would have deferred consideration of those matters, so the

Court would classify the litigation approach taken in these regards by the Defendants as "no harm, no foul" rather than any sort of implicit sandbagging of either the Court or the Plaintiffs[1].

In light of where the case now stands, the Court concludes that the best course, one that is consistent with sound case management and with the principles of Fed. R. Civ. P. 1, is to enter the following Order, as there is not just cause for delay of the Court's consideration of the respective arguments of the parties as to the § 101 eligibility issues as to the '298 Patent:

1. The Defendants may file, on or before November 17, 2015, an Amended Motion to Dismiss and supporting memorandum which may raise any challenge to patent eligibility of the '298 Patent under 35 U.S.C. § 101, as referenced by the Defendants at ECF No. 47 at 1, n.2. Should they not elect to do so, they shall so advise the Court and the Plaintiffs on or before October 28, 2015, and the Court will thereafter enter an appropriate Order;

2. In the event the Defendants file such an Amended Motion to Dismiss, the Plaintiffs shall file any response and supporting memorandum within thirty (30) days thereafter. The Defendants may file a reply and supporting memorandum within fourteen (14) days thereafter;

3. All filing and other deadlines in this action are held in abeyance pending further Order of the Court.

Mark R. Hornak
United States District Judge

Dated: October 14, 2015

cc: All counsel of record.

---

[1] That is not to say that counsel for the Plaintiffs has made any such accusation. They did not, but instead simply set forth their argument as to why the case should proceed apace now.

3